IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **PHYLLIS MICHELE HOWELL, SIMON REISERT, and CAROLE SPEIGHT**, on behalf of The North Highland Company Stock Ownership and 401(k) Plan, and on behalf of a class of all other persons similarly situated,<br><br>   *Plaintiffs*,<br><br>v.<br><br>**ARGENT TRUST COMPANY, NORTH HIGHLAND ESOP HOLDINGS, INC., THE NORTH HIGHLAND COMPANY, INC., THE NORTH HIGHLAND COMPANY LLC, THE NORTH HIGHLAND HOLDING CO., LLC, DAN REARDON, ALEX BOMBECK, BETH SCHIAVO, and LAUREN CHILDERS,**<br><br>   *Defendants*. | Civil Action No. 1:22-cv-3959-SDG |

**PLAINTIFFS' MOTION TO STAY AND MEMORANDUM IN SUPPORT**

COME NOW Plaintiffs and request that this Court enter a stay until 30 days after the exhaustion of administrative review of Plaintiffs' claims.

Plaintiffs are participants in The North Highland Company Employee Stock Ownership and 401(k) Plan (the "Plan"). They filed their Complaint on September 30, 2022, alleging various violations of the Employee Retirement Income Security Act (ERISA).

Plaintiffs move to stay this lawsuit pending administrative exhaustion of their claims because the statute of limitations has expired on certain claims. This Court has discretion to stay or dismiss. Where a stay will preserve claims that would be barred by the statute of limitations if the court dismisses, a stay is preferred. *Moorer v. Dempolis Waterworks and Sewer Bd.*, 374 F.3d 994, 998 (11th Cir. 2004). Here, if the Court dismisses the lawsuit for failure to exhaust, some of Plaintiffs' claims may be time-barred when they file a new complaint after completing administrative exhaustion. Thus, the Court should stay the lawsuit.

## BACKGROUND

Plaintiffs retained their counsel on September 6 and 7, 2022. (Boyko Dec. at ¶¶ 3–4). The six-year limitations period for Plaintiffs' claims about the October 1, 2016 corporate reorganization, Counts 1–6 of the Complaint (Dkt. 1, at ¶¶ 133–223), would have expired at midnight on September 30, 2022. That left Plaintiffs with less than a month to draft, finalize, and file their 130-page complaint.

Although Plaintiffs did not have a copy of the plan document when they were drafting their complaint, their counsel, through prior experience in claims exhaustion of non-benefit claims, knew it would take at least four months, if not longer, to complete the claims exhaustion process. (Boyko Dec. at ¶ 5). Thus, to preserve their claims under the limitations period, Plaintiffs filed their Complaint before initiating the Plan's claims exhaustion process. (Boyko Dec. at ¶ 6).

On October 4, 2022, Plaintiffs submitted their claims to the plan administrator for exhaustion. (Dkt. 36 at 2).

It would have been impossible to complete the Plan's claims exhaustion procedures before the expiration of the statute of repose, thus sacrificing Plaintiffs' statutory right to file a complaint in federal court.[1] First, the ESOP Committee (the Plan Administrator) can take ninety days to decide a claim, and unilaterally award itself an additional ninety days. (Boyko Dec., Exhibit A, SPD at 19). A plan participant then has sixty days to appeal the decision. (Ex. A at 19). The Committee then has sixty days to decide the appeal, but, once again, can take an additional sixty days if it wants to. *Id*. at 19–20. Thus, the Committee could have taken as much as 300 days to decide Plaintiffs' claims (assuming Plaintiffs took

---

[1] Argent Trust Company's counsel provided a copy of the Plan's Summary Plan Description ("SPD") and an amendment to the Plan after Plaintiffs filed suit.

3

none of the sixty days to prepare their appeal). In our recent experience, exhaustion of similar claims commonly takes ten months. *See*, *e.g.*, *Threadford v. Horizon Tr. & Inv. Mgmt., N.A.*, No. 20-cv-750, Dkt. 118 at 2–3 (N.D. Ala. May 17, 2022) (outlining that court opted to stay rather than dismiss pending administrative exhaustion and exhaustion took from October 20, 2020 until July 16, 2021). If ERISA plaintiffs are required to exhaust before filing suit, it effectively shortens Congress's explicit statute of limitations by nine months or more.

## ARGUMENT

ERISA provides a six-year limitations period for breaches of fiduciary duty and prohibited transactions. 29 U.S.C. § 1113(1). It is a statute of repose. *Secretary v. Preston*, 873 F.3d. 877, 883 (11th Cir. 2017). Statutes of repose cannot be equitably tolled. *Cal. Pub. Employees' Ret. Sys. v. ANZ Securities, Inc.*, 137 S. Ct. 2042, 2050 (2017) ("*CALPERS*") (cited in *Preston*, 873 F.3d at 883).[2] Thus, Plaintiffs' claims would not have tolled during claims exhaustion.[3]

---

[2] A defendant may, however, waive a statute of repose as a defense via a tolling agreement. *See Preston*, 873 F.3d at 887. Plaintiffs offered to voluntarily dismiss their lawsuit without prejudice if Defendants would execute a tolling agreement, but Defendants refused. Boyko Decl. ¶ 9.

[3] Courts in the Eleventh Circuit had held that fiduciary breach claims could be equitably tolled during the claims exhaustion process. *See, e.g., Jeffries v. Trs. Of the Northrop Grumman Sav. & Inv. Plan*, 169 F. Supp. 2d 1380, 1382 (M.D. Ga. 2001). Those cases predate *CALPERS* and were effectively overruled by *CALPERS* to the extent they tolled the statute of repose, as opposed to other governing statutes of limitations. For benefit claims, the federal court borrows the limitations period from state law rather than using ERISA's statute of repose. *Harrison v. Digital Health Plan,* 183 F.3d 1235, 1238 (11th Cir. 1999).

Although "ERISA does not contain an explicit exhaustion-of-remedies requirement," in this Circuit ERISA plaintiffs "must normally exhaust available administrative remedies under their ERISA-governed plans." *Turbville v. Metro. Life Ins. Co.*, No. CV-12-S-0566, 2012 WL 5379104, at *4 (N.D. Ala. Oct. 26, 2012) (quoting *Springer v. Wal-Mart Associates' Group Health Plan*, 908 F.2d 897, 899 (11th Cir. 1990), and *Novella v. Westchester County*, 661 F.3d 128, 135 (2d Cir. 2011)) (cleaned up). Plaintiffs commenced administrative exhaustion on October 4, 2022, a few days after they filed the Complaint.

When a plaintiff files a lawsuit before exhausting, the court has discretion to stay the case pending exhaustion or to dismiss without prejudice. *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1220 (11th Cir. 2008); *Boger v. A. Gallerani, M.D., PLLC*, No. 20-21987, 2020 WL 10142134, at *1–4 (S.D. Fla. July 20, 2020) (concluding that exhaustion is not a jurisdictional requirement).

Staying pending exhaustion is necessary where "the claims of at least some of the named Plaintiffs could be barred by the statute of limitations if the case is dismissed without prejudice with leave to refile." *Lanfear v. Home Depot., Inc.*, No. 07-197, 2009 WL 10668650, at *2 (N.D. Ga. Jan. 23, 2009) (following remand, choosing to stay the case rather than dismiss without prejudice). As the Eleventh Circuit explained, "[a] stay is preferred because it lessens the concerns

associated with statute of limitations, brings the federal action back before the same federal judge that had previously considered the case ... and it protects the rights of all the parties without imposing any additional costs or burdens on the district court." *Moorer*, 374 F.3d at 998 (converting order dismissing without prejudice into a stay). The Court should follow *Moorer* and stay the case because Plaintiffs' claims will likely be time-barred if it dismisses, the action will return to this Court, and a stay protects Plaintiffs' rights without imposing any burden or costs on the Court.

Defendants preview their arguments against a stay in the parties' recently filed joint motion to postpone Defendants' responses to the Complaint (Dkt. 36): (1) staying rather than dismissing defeats the purpose of exhaustion; (2) staying necessarily increases the costs of plan administration; and (3) a stay is inappropriate because Plaintiffs' claims must be arbitrated. *Id.* at 3–4, ¶ 6. First, staying barely frustrates the purpose of pre-suit resolution as Plaintiffs initiated claims exhaustion a month before Defendants' responses to the Complaint were due and propose a stay pending claims exhaustion. If the parties manage to resolve the dispute during exhaustion, they will inform the Court and the case will be over.

Second, staying will not increase the cost of plan administration. The claims exhaustion process will go forward as usual. The cost of claim exhaustion is no

different whether this lawsuit is stayed or dismissed. Third, whether Plaintiffs' claims must be arbitrated is a fight for another day and the Plan's procedures require claim exhaustion before arbitration, meaning exhaustion comes next regardless. Ex. B, Fourth Amendment to The North Highland Company Employee Stock Ownership and 401(k) Plan at 3–5. None of Defendants' arguments overcome the presumption favoring a stay where dismissal risks barring claims under the statute of limitations.

## CONCLUSION

In sum, the Court should exercise its discretion and stay Plaintiffs' lawsuit pending claims exhaustion to preserve claims that might otherwise be barred by the statute of limitations and to exercise restraint by avoiding the potential conflict between the judicial doctrine of claim exhaustion and the statutory limitations period.

November 28, 2022        By:   */s/Gregory Y. Porter*
                                Gregory Y. Porter (*pro hac vice*)
                                Ryan T. Jenny (*pro hac vice*)
                                Laura E. Babiak (*pro hac vice*)
                                **BAILEY & GLASSER LLP**
                                1055 Thomas Jefferson St., NW, Suite 540
                                Washington, DC 20007
                                (202) 463-2101
                                gporter@baileyglasser.com
                                rjenny@baileyglasser.com
                                lbabiak@baileyglasser.com

>Mark G. Boyko (*pro hac vice*)
>**BAILEY & GLASSER LLP**
>34 N. Gore Ave., Suite 102
>Webster Groves, Mo 63119
>(314) 863-5446
>mboyko@baileyglasser.com
>
>Robert A. Izard (*pro hac vice*)
>Douglas P. Needham (*pro hac vice*)
>**IZARD KINDALL & RAABE**
>29 South Main Street, Suite 305
>West Hartford, CT 06107
>(860) 493-6292
>rizard@ikrlaw.com
>dneedham@ikrlaw.com
>
>Kristi Stahnke McGregor (GA Bar No. 674012)
>James M. Evangelista (GA Bar No. 707807)
>**EVANGELISTA WORLEY, LLC**
>500 Sugar Mill Road, Ste. 245A
>Atlanta, GA 30350
>(404) 205-8400
>kristi@ewlawllc.com
>jim@ewlawllc.com
>
>*Attorneys for Plaintiffs Phyllis Michele Howell, Simon Reisert, and Carole Speight*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing **PLAINTIFFS' MOTION TO STAY AND MEMORANDUM IN SUPPORT** with the Clerk of Court using the CM/ECF system which will send email notification of such filing to all counsel of record.

This 28th day of November, 2022.

*/s/ Gregory Y. Porter*
Gregory Y. Porter