# EXHIBIT A

# SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT ("Settlement Agreement") is entered into by and between Plaintiffs in this Action, on their own behalf and on behalf of the Settlement Class and the Plan, and Defendants. Capitalized terms used and not otherwise defined herein shall have the meanings set forth in Article I below.

## RECITALS

WHEREAS, on September 30, 2022, Plaintiffs Phyllis Michele Howell, Simon Reisert, and Carole Speight, on behalf of The North Highland Company Employee Stock Ownership and 401(k) Plan, and on behalf of a class of all other persons similarly situated, filed suit in the United States District Court for the Northern District of Georgia against Defendants Argent Trust Company, North Highland ESOP Holdings, Inc., the North Highland Company, Inc., the North Highland Company LLC, the North Highland Holding Co., LLC, Dan Reardon, Alex Bombeck, Beth Schiavo, and Lauren Childers.

WHEREAS, Plaintiffs purport to bring this lawsuit on behalf of all participants in the North Highland Company Employee Stock Ownership Plan (formerly known as The North Highland Company Employee Stock Ownership and 401(k) Plan) (the "Plan") who held shares in their Plan accounts after October 1, 2016 and allege that Defendants breached their fiduciary duties and/or engaged in prohibited transactions under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") in connection with a 2016 reorganization transaction, LLC unit transactions, and a 2021 redemption transaction.

WHEREAS, on November 9, 2022, Plaintiffs submitted a copy of their original complaint to the Plan's administrator as the claim under review in an effort to exhaust administrative remedies under the Plan;

WHEREAS, on May 8, 2023, the Plan administrator issued its decision denying Plaintiffs' claim under review;

WHEREAS, on July 7, 2023, Plaintiffs filed an administrative appeal of the Plan administrator's denial pursuant to the Plan's claims procedures;

WHEREAS, on September 5, 2023, the Plan administrator issued its final decision denying Plaintiffs' appeal;

WHEREAS, on September 27, 2023, Plaintiffs filed their First Amended Complaint (the "Complaint");

WHEREAS, on November 3, 2023, Defendants filed their Motion to Compel Arbitration of Timely-Filed Claims and Dismiss Plaintiffs' First Amended Complaint and deny any wrongdoing or liability;

WHEREAS, on September 30, 2024, the Court entered its order granting in part and denying in part Defendants' motion, dismissing all claims related to the 2016 reorganization as time-barred, and denying Defendants' motion to compel arbitration;

WHEREAS, on October 30, 2024, Defendants filed their notice of appeal of the Court's denial of their motion to compel arbitration to the U.S. Court of Appeals for the Eleventh Circuit;

WHEREAS, on December 31, 2024, Defendants' appeal was stayed pending issuance of the Eleventh Circuit's decision and mandate in *Williams v. Shapiro*, No. 24-11192;

WHEREAS, while the appeal was stayed, Plaintiffs and their counsel and Defendants and their counsel conducted arm's-length negotiations concerning a possible compromise and settlement of the Action, including a full-day mediation with JAMS Mediator Stephen Lucke on March 27, 2025;

WHEREAS, as a result of their factual investigation and legal research concerning their

claims, Plaintiffs' Counsel have concluded that the terms of this Settlement are fair, reasonable, and adequate to Plaintiffs, the Settlement Class, and the Plan, and in their best interests, and have agreed to settle the Action on the terms set forth herein after considering: (i) the benefits that Plaintiffs and the Settlement Class will receive from the Settlement; (ii) the risks, difficulties, and delays involved with complex litigation, including prosecution through trial and appeals; (iii) the specific risks inherent in complex actions under ERISA, including problems of proof and the variety of defenses potentially available to Defendants; and (iv) the desirability of permitting the Settlement to be consummated as provided herein;

WHEREAS, Defendants, notwithstanding their denial of each and every one of the material allegations in Plaintiffs' Complaint and their position that they at all times acted reasonably, prudently, and loyally with respect to Plaintiffs, the Plan, and the Settlement Class, have decided to enter into this Settlement Agreement to avoid the further expense, inconvenience, and burden of litigation, the distraction and diversion of their time and resources, and the risks and expenses inherent in any complex litigation;

WHEREAS, the Parties desire promptly and fully to resolve and settle with finality, on the terms set forth herein and subject to the approval of the Court, all of the Released Claims asserted by Plaintiffs on their own behalf and on behalf of the Settlement Class and the Plan against Defendants and the Released Parties;

NOW, THEREFORE, it is agreed by the Parties, without any admission or concession by Defendants of any liability or of the validity of any allegation whatsoever in Plaintiffs' Complaint, in consideration of the promises, covenants, and agreements herein described, and for other good and valuable consideration, acknowledged by each of the Parties to be satisfactory and adequate, that the Action and the Released Claims be settled, compromised, and dismissed on the merits and

with prejudice as to Defendants and the Released Parties, on the following terms and conditions, all subject to the approval of the Court.

## I. DEFINITIONS

As used in this Settlement Agreement and the Exhibits thereto, capitalized terms and phrases, unless otherwise defined, have the meanings provided below:

1.1. "Action" means the putative class action captioned *Phyllis Michele Howell, Simon Reisert, and Carole Speight, on behalf of The North Highland Company Employee Stock Ownership and 401(k) Plan, and on behalf of a class of all other persons similarly situated v. Argent Trust Company, North Highland ESOP Holdings, Inc., The North Highland Company, Inc., The North Highland Company LLC, The North Highland Holding Co., LLC, Dan Reardon, Alex Bombeck, Beth Schiavo, And Lauren Childers*, Case No. 1:22-cv-03959-SDG, pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

1.2. "Administrative Expenses" means expenses incurred in the administration of this Settlement Agreement, including (a) all fees, expenses, and costs associated with providing the Class Notice to the Class Members, (b) all expenses related to taxes (including taxes and tax expenses noted in Section 4.2), (c) all expenses and costs associated with the distribution of funds under the Plan of Allocation, and (d) all fees and expenses of the Settlement Administrator. Excluded from Administrative Expenses are the Parties' respective legal fees and litigation expenses. Administrative Expenses shall be paid or reimbursed exclusively from the Gross Settlement Amount in the Qualified Settlement Fund Account.

1.3. "Alternate Payee" means a person other than a Participant or Beneficiary in the Plan who is entitled to a benefit under the Plan as a result of a Qualified Domestic Relations Order ("QDRO"), where the QDRO relates to the benefit of a Participant.

1.4. "Agreement Execution Date" means the date on which the last required signature is affixed to this Settlement Agreement, at which time this Settlement Agreement becomes fully executed as provided in Section 11.15 below.

1.5. "Attorneys' Fees and Costs" means the amount, if any, awarded by the Court as compensation for the legal services provided and litigation costs and expenses advanced and carried by Plaintiffs' Counsel. Any attorneys' fees and litigation costs and expenses sought by Plaintiffs' Counsel and awarded by the Court shall be paid exclusively from the Gross Settlement Amount in the Qualified Settlement Fund Account.

1.6. "Argent" means Argent Trust Company, each of its direct or indirect subsidiaries and affiliates, each of its predecessors and Successors-In-Interest, and all of its present and former owners, officers, directors, employees, agents, fiduciaries, insurers, and

representatives.

1.7. "Beneficiary" means a person who is entitled, based on the designation of a Participant or by the terms of the Plan, to receive a benefit under the Plan that is derivative of a Participant's benefit under the Plan, other than an Alternate Payee.

1.8. "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715.

1.9. "CAFA Notice" means notice of this proposed Settlement provided to the appropriate federal and state officials pursuant to CAFA, substantially in the form set forth in Exhibit D hereto.

1.10. "Class Notice" means notice of this proposed Settlement to be provided to the Settlement Class in form and substance substantially similar to Exhibit A hereto upon approval by the Court pursuant to the Preliminary Approval Order and in compliance with Rule 23 of the Federal Rules of Civil Procedure.

1.11. "Class Settlement Amount" shall have the meaning set forth in Section 7.2.3.

1.12. "Court" means the United States District Court for the Northern District of Georgia, Atlanta Division.

1.13. "Defendants" means Argent Trust Company, North Highland ESOP Holdings, Inc., the North Highland Company, Inc., the North Highland Company LLC, the North Highland Holding Co., LLC, Dan Reardon, Alex Bombeck, Beth Schiavo, and Lauren Childers.

1.14. "Defendants' Counsel" or "Defense Counsel" means O'Melveny & Myers LLP and Groom Law Group, Chartered.

1.15. "Effective Date of Settlement" means the first date on which the Final Order becomes Final.

1.16. "ERISA" means the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq*., as amended, including all regulations promulgated thereunder.

1.17. "Fairness Hearing" shall have the meaning set forth in Section 2.1.6.

1.18. "Final" means, with respect to any judicial ruling, judgment, or order, that the ruling, judgment, or order remains in effect and that the period for any appeals, petitions, motions for reconsideration, rehearing, or certiorari, or any other proceedings for review ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that there has occurred a full and final disposition of any such Review Proceeding without a reversal or modification, including the exhaustion of proceedings in any remand and/or subsequent appeal after remand. Notwithstanding any other provision hereof, the Final Order shall be deemed Final without regard to whether (i) the Court has entered an order regarding the Plan of Allocation or the award of Attorneys'

Fees and Costs or Case Contribution Award(s), (ii) any order referred to in (i) has become Final, or (iii) any order referred to in (i) is reversed or modified on appeal.

1.19. "Final Order" means a final judgment and order of dismissal entered by the Court finally approving the terms of this Settlement Agreement and dismissing the Action with prejudice, substantially in the form of Exhibit C hereto.

1.20. "Gross Settlement Amount" shall have the meaning set forth in Section 7.2.4.

1.21. "Net Settlement Amount" means the Gross Settlement Amount minus: (a) any Attorneys' Fees and Costs awarded by the Court and (b) all Administrative Expenses.

1.22. "Non-Rollover-Electing Settlement Class Member" means a Settlement Class Member who does not submit a Rollover Form or whose Rollover Form is rejected by the Settlement Administrator.

1.23. "North Highland" means North Highland ESOP Holdings, Inc., North Highland Company, Inc., and the North Highland Holding Co. LLC, each of its direct or indirect subsidiaries and affiliates, each of its predecessors and Successors-In-Interest, and all of its present and former owners, officers, directors, employees, agents, fiduciaries, insurers, and representatives.

1.24. "Participant" shall have the same meaning as under the terms of the Plan.

1.25. "Parties" means Plaintiffs and Defendants.

1.26. "Person" means an individual, partnership, corporation, limited liability company, governmental entity, or any other form of legal entity or organization, and all of their Successors-In-Interest.

1.27. "Plaintiffs" means Phyllis Michele Howell, Simon Reisert, and Carole Speight, and their respective Successors-In-Interest.

1.28. "Plaintiffs' Complaint" or "Complaint" means the operative First Amended Class Action Complaint filed by Plaintiffs in the Action on September 27, 2023.

1.29. "Plaintiffs' Counsel" means Bailey & Glasser LLP;

1.30. "Plan" means The North Highland Company Employee Stock Ownership Plan (formerly known as The North Highland Company Employee Stock Ownership and 401(k) Plan) and any trust created under such Plan.

1.31. "Plan of Allocation" means the Plan of Allocation approved by the Court as contemplated in Section 8.2.

1.32. "Preliminary Approval Order" means the order preliminarily approving the Settlement

substantially in the form attached as Exhibit B hereto.

1.33. "Preliminary Approval Motion" shall have the meaning set forth in Section 2.1.1.

1.34. "Qualified Settlement Fund Account" means the interest-bearing settlement fund account to be established and maintained by the Settlement Administrator in accordance with Articles VII & VIII herein.

1.35. "Released Claims" means the claims described in the Releases in Article III.

1.36. "Released Parties" means (a) Defendants and all of their Successors-In-Interest; (b) Defendants' insurers, co-insurers, and reinsurers; (c) Defendants' attorneys, agents, directors, officers, general partners, limited partners, employees, affiliates, equity holders spouses, heirs, trusts, trustees, executors, administrators, assigns, or Representatives; (d) any affiliates or affiliated companies of any Defendant that could have been named as a defendant in the Action; (e) anyone that Plaintiffs could have asserted was a fiduciary as to the Plan with respect to the subject matter of the Complaint; and (f) anyone that Plaintiffs could have asserted was an ERISA "party in interest" as to the Plan with respect to the subject matter of the Complaint.

1.37. "Releasing Parties" means (a) Plaintiffs (both in their individual capacities and as representatives of the Settlement Class and the Plan), (b) the Plan, (c) the Settlement Class (including each and every member of the Settlement Class), and (d) all of the foregoing's respective Representatives, Successors-In-Interest and beneficiaries.

1.38. "Releases" means the releases described in Article III.

1.39. "Representatives" means attorneys, administrators, agents, assigns, directors, executors, heirs, officers, trustees, and employees, predecessors and Successors-In-Interest.

1.40. "Rollover Form" means the form that the Settlement Administrator will send with the Class Notice or otherwise provide to Class Members.

1.41. "Rollover-Electing Settlement Class Member" means a Settlement Class Member whose Rollover Form is accepted by the Settlement Administrator.

1.42. "Settlement" means the settlement to be consummated under this Settlement Agreement pursuant to the Final Order.

1.43. "Settlement Administrator" means an independent contractor to be retained by Plaintiffs' Counsel and approved by the Court for purposes of sending the Class Notices to the Settlement Class and establishing the settlement website and telephone support line. The Settlement Administrator is appointed the "administrator" of the Qualified Settlement Fund Account under Treas. Reg. § 1.468B-2(k)(3)(ii) and, consistent with Treas. Reg. § 1.468B-2(l)(2) and under the terms of this Settlement Agreement and is responsible for all tax withholding and reporting for the Qualified Settlement Fund Account and its distributions,

including determining whether tax-qualified rollover distributions may be offered to the Settlement Class Members, and administering the Settlement and Plan of Allocation.

1.44. "Settlement Agreement" means this Settlement Agreement and all of its exhibits, including any properly adopted and agreed upon modifications and amendments.

1.45. "Settlement Class" means the class to be certified by the Court, as defined in Section 2.1.2 below.

1.46. "Settlement Class Members" or "Class Members" shall mean all individuals in the Settlement Class, including Plaintiffs.

1.47. "Successor-In-Interest" means a Person's estate, legal representatives, heirs, successors or assigns.

## II. CONDITIONS TO THE EFFECTIVENESS OF THE SETTLEMENT

The Parties will use reasonable, good faith, best efforts to cause each of the conditions to the Settlement to occur within the times indicated.

2.1. Condition #1: Court Approval. The Settlement shall have been approved by the Court in accordance with the following steps:

2.1.1 Motion for Preliminary Approval of Settlement and of Notices. Plaintiffs will file a motion ("Preliminary Approval Motion") with the Court seeking entry of the Preliminary Approval Order. Plaintiffs shall give Defendants at least three (3) days to review the Preliminary Approval Motion before filing. Defendants may, but shall not be required to, submit papers in connection with the Preliminary Approval Motion.

2.1.2 Motion for Class Certification. Plaintiffs will file a motion ("Class Certification Motion") with the Court seeking certification of the following class:

"All participants in The North Highland Company Employee Stock Ownership Plan (formerly known as The North Highland Company Employee Stock Ownership and 401(k) Plan), and the beneficiaries of such participants, who held vested shares in the Plan in North Highland ESOP Holdings, Inc. at any time between October 1, 2016 and May 30, 2025. Excluded from the Class are the individual Defendants and their immediate families, and the legal representatives, successors, and assigns of any such excluded persons."

Plaintiffs shall give Defendants at least three (3) days to review the Class Certification Motion before filing. Defendants may, but shall not be required to, submit papers in connection with the Class Certification Motion. The Motion for Class Certification and Motion for Preliminary Approval of the Settlement may be filed as a single motion.

2.1.3 Preliminary Approval Order; Issuance of Class Notice. The Court shall issue the Preliminary Approval Order, substantially in the form of Exhibit B hereto. Subject to the requirements of the Preliminary Approval Order, Plaintiffs shall cause the Class Notice, substantially in the form of Exhibit A hereto, to be disseminated to the Settlement Class and shall post the Class Notice on a website for the Settlement Class. Plaintiffs and Defendants will seek to set the Fairness Hearing for a date at least ninety (90) days after the mailing of the Class Notice to the Settlement Class.

2.1.3.1 Settlement Administrator. Plaintiffs' Counsel shall provide, or cause to be provided, the names, last known addresses, and number of shares allocated to the Plan account of each member of the Settlement Class to the Settlement Administrator to the extent available with reasonable effort in electronic format, or in such other format as the Settlement Administrator may reasonably request, at least twenty-one (21) days prior to the deadline for mailing Class Notice. The reasonable costs associated with distribution of the Class Notices shall constitute Administrative Expenses and shall be paid from the Gross Settlement Amount in the Qualified Settlement Fund Account.

2.1.3.1.1 Plaintiffs and Defendants shall use reasonable efforts to respond timely to written requests, including by e-mail, from the Settlement Administrator for any readily accessible data that they have obtained from discovery, the settlement process, or through other reasonable efforts that is reasonably necessary to determine the feasibility of administering the Plan of Allocation or to implement the Plan of Allocation.

2.1.3.1.2 The Settlement Administrator must agree to be bound by any non-disclosure or security protocol required by the Parties.

2.1.3.1.3 The Settlement Administrator shall use the data acquired in discovery, the settlement process, or through other reasonable efforts including from the Plan's former recordkeeper, solely for the purpose of meeting its obligations as Settlement Administrator and for no other purpose.

2.1.3.1.4 At the request of any of the Parties, the Settlement Administrator shall provide a written protocol addressing how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

2.1.3.1.5 The Settlement Administrator may communicate with the Plan's former recordkeeper, with prior notice to Plaintiffs' Counsel and Defense Counsel, if the Settlement Administrator believes that such communication may help to explain, verify, or supplement necessary information regarding the Settlement Class. Any reasonable expense incurred by the Settlement Administrator or the Plan's former recordkeeper as a result of such communication, including legal fees, shall be deemed to be an Administrative Expense, and Plaintiffs' Counsel shall request payment or reimbursement of any such expense from the Qualified Settlement Fund Account. Defendants shall not be obligated to make any payment related to Plan records inquiries in connection with the Settlement.

2.1.4 Other Notices. The North Highland Defendants shall prepare and serve the CAFA Notices required by CAFA, as specified by 28 U.S.C. § 1715, in substantially the form attached as Exhibit D, within ten (10) days of Plaintiffs filing the Preliminary Approval Motion and Settlement with the Court. Defendants shall give Plaintiffs' Counsel the opportunity to review the CAFA Notices at least three (3) days before service.

2.1.5 Motion for Final Approval of Settlement. Plaintiffs will file a motion seeking final approval of the Settlement (the "Final Approval Motion") with the Court no later than forty-five (45) days before the Fairness Hearing date set by the Court in the Preliminary Approval Order. Plaintiffs' Counsel shall give Defendants' Counsel at least five (5) days to review the Final Approval Motion before filing. Defendants may, but shall not be required to, submit papers in connection with the Final Approval Motion.

2.1.6 The Fairness Hearing. The Court will conduct a hearing at which it will consider whether the Settlement should be approved pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Fairness Hearing"). At or after the Fairness Hearing, the Court will determine (i) whether to enter the Final Order approving the Settlement and dismissing the Action, (ii) whether the distribution of the Net Settlement Fund as provided in Section 8.2 and the Plan of Allocation should be approved, and (iii) what, if any, Attorneys' Fees and Expenses should be awarded to Plaintiffs' Counsel. Plaintiffs and Defendants agree to support entry of the Final Order as contemplated by clause (i) of this Section. Defendants, subject to Section 10.1, will not take any position, and are not required to take any position, with respect to the matters described in clause (ii) of this Section, nor will Defendants enter into any agreement that restricts the application or disposition of the Qualified Settlement Fund. Plaintiffs and Defendants covenant and agree that they will take all reasonable steps and reasonably cooperate with one another in obtaining entry of the Final Order at the Fairness Hearing.

2.1.7 No Additional Actions. Prior to the Fairness Hearing, no other party will have filed a separate class action or action on behalf of the Plan that asserts any of the Released Claims against any of the Released Parties.

2.2. Condition #2: Funding of Settlement Amount. The Class Settlement Amount shall have been deposited into the Qualified Settlement Fund Account in accordance with Sections 7.1 and 7.2.

2.3. Condition #3: Independent Fiduciary Review. The North Highland Defendants, on behalf of themselves and all Defendants, will retain an independent fiduciary at their expense to review and approve the Settlement consistent with Prohibited Transaction Exemption 2003-39. Plaintiffs and Plaintiffs' Counsel will cooperate as necessary to facilitate the independent fiduciary's review of the Settlement. Defense Counsel shall provide Plaintiffs' Counsel with the independent fiduciary's report summarizing its conclusions at least seven (7) days before the deadline for filing the Final Approval Motion, and Plaintiffs' Counsel shall include that report as an exhibit to the Final Approval Motion. If at any point the independent fiduciary issues an opinion that does not approve all aspects of this Settlement Agreement as satisfying PTE 2003-39, Defendants will have the right, but not the obligation, to withdraw from the Settlement Agreement within seven (7) days of receipt of the independent fiduciary's opinion.

2.4. Condition #4: Finality of Final Order. The Final Order in the Action has become Final.

## III. RELEASES

3.1. Released Claims. Subject to Section 3.3 below, and effective upon the entry of the Final Order and payment by the North Highland Defendants of the Class Settlement Amount, each and all of the Releasing Parties hereby fully, finally, and forever releases, relinquishes, and discharges, to the fullest extent permitted by law, each and all Released Parties from and against any and all Released Claims (as defined in this Section 3.1) and shall forever be enjoined from prosecution of any and all such Released Claims against the Released Parties. The Release in this Section 3.1 is in addition to the effect of the Final Order to be entered in accordance with this Settlement Agreement. For purposes of this Settlement Agreement, "Released Claims" includes any and all present or past claims, demands, damages, losses, offsets, obligations, liabilities, warranties, costs, fees, fines, penalties, expenses, rights of action, suits, and causes of action of every kind and nature whatsoever, whether under federal, state, local, or foreign law; whether based on contract, statute, regulation, ordinance, common law, or another legal or equitable theory of recovery; whether known or unknown, suspected or unsuspected, existing or claimed, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, in law or in equity; that any of the Releasing Parties has against the Released Parties that:

(i) arise out of, relate to, or are based on the allegations, facts, matters, claims, causes of action, occurrences, or omissions before, up to, and including the Agreement Execution Date and that are set forth in Plaintiffs' Complaint, including but not limited to:

(a) breach of any duties or obligations (including fiduciary duties and obligations) under ERISA with respect to Plaintiffs, the Plan, the Settlement Class, or any other participants in and beneficiaries of the Plan;

(b) providing misleading information to Plan participants or beneficiaries related to the ESOP;

(c) failure to appoint, remove and/or adequately monitor the Plan's fiduciaries;

(d) violation of ERISA duties related to the reorganization of The North Highland Holding Company, Inc.;

(e) violation of ERISA duties related to the sale or redemption of Company stock to or by Plaintiffs, the Plan, or the Settlement Class;

(f) violation of ERISA duties related to the receipt of LLC units of The North Highland Holding Company, LLC;

(g) breach of ERISA duties in connection with the failure to avoid or resolve conflicts of interest in connection with The North Highland Holding Company, Inc., The North Highland Holding Company, LLC, North Highland ESOP Holdings Inc., or the Plan;

(h) participation in a breach of fiduciary duty or ERISA prohibited transaction relating to The North Highland Holding Company, Inc., The North Highland Holding Company, LLC, North Highland ESOP Holdings Inc., or the Plan;

(i) claims for injunctive or equitable relief relating to alleged violations of ERISA; or

(j) claims concerning the use or allocation of preferred dividends owed to the Plan;

(ii) would be barred by principles of *res judicata* had the claims asserted in the Action been fully litigated and resulted in a final judgment or order; or

(iii) pertain to any conduct related to the direction to calculate, the calculation of, and/or the method or manner of allocation or distribution of amounts from the Qualified Settlement Fund Account to Plaintiffs, the Settlement Class, or the Plan pursuant to the Plan of Allocation.

(iv) Released Claims specifically excludes any claims for individual benefits

under the Plan.

3.2. Releases of Named Plaintiffs and Plaintiffs' Counsel. Subject to Section 3.3 below, Defendants (on behalf of themselves and their respective Released Parties) hereby agree that by operation of the Final Order they shall have fully, finally, and forever released, relinquished, and discharged, and shall forever be enjoined from prosecution of, Plaintiffs and Plaintiffs' Counsel from any and all present or past claims and causes of action associated with the claims and causes of action pled in Plaintiffs' Complaint.

3.3. Scope of Releases. The Released Parties and the Releasing Parties intend and agree that the Releases granted in this Article III shall be effective as a bar to the assertion of any and all Released Claims. The Released Parties and the Releasing Parties hereby expressly waive any and all rights and benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other State, Territory, or other jurisdiction. Section 1542 reads in pertinent part:

A general release does not extend to claims that the creditor or releasing party does not or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her would have materially affected his or her settlement with the debtor or released party.

The Released Parties and the Releasing Parties each hereby acknowledge that the foregoing waiver of the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other State, Territory, or other jurisdiction was separately bargained for and that no Released Party or Releasing Party would enter into this Settlement Agreement unless it included a broad release of the Releasing Party's claims. The Released Parties and the Releasing Parties expressly agree that all release provisions in this Settlement Agreement shall be given full force and effect in accordance with each and all of their express terms and provisions. Each of the Releasing Parties assumes for itself the risk of subsequent discovery or understanding of any matter, fact, or law, that, if now known or understood to the Releasing Party, would in any respect have affected its entry in this Settlement Agreement.

3.4. Claims Not Released. The Releases set forth in this Article III are not intended to include the release of any rights or duties arising out of this Settlement Agreement, including the express representations, warranties, and covenants in this Settlement Agreement; provided, however, that the Parties and their respective counsel shall have no responsibility or liability whatsoever with respect to the method and manner of allocation of the Qualified Settlement Fund Account, and Defendants and Defendants' Counsel shall have no liability whatsoever with respect to the distribution of the Class Settlement Amount.

## IV. COVENANTS

4.1. Covenants Not to Sue.

4.1.1 Plaintiffs covenant and agree on their own behalf and on behalf of the Settlement Class and the Plan (i) not to commence or assert against any Released Party any

action or claim released herein as a Released Claim, or any claim or action based on or arising from any Released Claim and (ii) that the foregoing covenants and agreements shall be a complete defense to any such claims or actions against any of the Released Parties.

4.1.2 Defendants covenant and agree (i) not to commence or assert against any Releasing Parties any action or claim released herein as a Released Claim, or any claim or action based on or arising from any Released Claim and (ii) that the foregoing covenants and agreements shall be a complete defense to any such claims or actions against any of the respective Releasing Parties.

4.2. Taxation of Settlement Fund. Plaintiffs acknowledge on their own behalf and on behalf of the Settlement Class and the Plan that the Released Parties have no responsibility for any taxes due on funds once deposited in the Qualified Settlement Fund Account or on any award of Attorneys' Fees and Expenses that Plaintiffs' Counsel may request and the Court may approve as contemplated under Article X. Nothing herein shall constitute an admission or representation that any taxes will or will not be due on the Qualified Settlement Fund Account.

## V. REPRESENTATIONS AND WARRANTIES

5.1. Plaintiffs' Representations and Warranties.

5.1.1 Plaintiffs represent and warrant that they have not assigned or otherwise transferred any interest in any Released Claims against any Released Party and further covenant that they will not assign or otherwise transfer any interest in any Released Claims.

5.1.2 Pursuant to Articles III and IV, Plaintiffs represent and warrant that they shall have no surviving claim or cause of action against any of the Released Parties with respect to the Released Claims except as may relate to enforcement of the terms of this Settlement, if, as, and when approved by the Court.

5.2. All Parties' Representations and Warranties.

5.2.1 The Parties each represent and warrant that they are voluntarily entering into this Settlement Agreement as a result of arm's-length negotiations among their respective counsel, with the assistance and recommendation of the Mediator, Stephen P. Lucke; that in executing this Settlement Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights, obligations, and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing this Settlement Agreement by any representation, statement, or omission pertaining to any of the foregoing matters by any Party or Person

representing any Party to this Settlement Agreement. With respect to the Settlement, each of the Parties assumes the risk of mistake as to facts and/or law.

5.2.2 The Parties each represent and warrant that they have read the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each Person executing this Settlement Agreement on behalf of each Party. The Parties each further represent and warrant to each other that they have made such investigation of the facts pertaining to the Settlement, this Settlement Agreement, and all of the matters pertaining thereto as they deem necessary or appropriate.

5.2.3 The Parties each represent and warrant that each individual executing this Settlement Agreement on behalf of any other Person does hereby personally represent and warrant to the other Parties that he or she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal whom such individual represents or purports to represent.

## VI. USE AND EFFECT OF SETTLEMENT AGREEMENT

The Parties understand and agree that this Settlement Agreement embodies a compromise of disputed claims, and that nothing in this Settlement Agreement, including the furnishing of consideration for this Settlement Agreement, shall be deemed to constitute any finding of fiduciary status under ERISA, any wrongdoing by any Defendant under ERISA or any other statute, regulation, case law, common law doctrine, or other legal authority, or to give rise to any inference of fiduciary status under ERISA or any wrongdoing or admission of wrongdoing or liability under ERISA or any other statute, regulation, case law, common law doctrine, or other legal authority in this proceeding. This Settlement Agreement and the payments made hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal, equitable, or factual, and are not admissions of any damages or losses. Neither the fact nor the terms of this Settlement Agreement shall be offered or received in evidence in any action or proceeding for any purpose, except (i) in an action or proceeding arising under this Settlement Agreement, or arising out of or relating to the Preliminary Approval Order or the Final Order or (ii) in an action or proceeding where one or more of the Releases provided pursuant to this Settlement Agreement may serve as a bar to prosecution of the action or proceeding or as a bar to recovery.

## VII. THE QUALIFIED SETTLEMENT FUND ACCOUNT AND PAYMENTS INTO THE QUALIFIED SETTLEMENT FUND ACCOUNT

7.1. The Settlement. The Parties have agreed to resolve all matters in controversy between them in the Action for a total payment of $2,375,000.00, inclusive of all Administrative Expenses and any Attorneys' Fees and Expenses that may be authorized by the Court.

7.2. The Qualified Settlement Fund Account

7.2.1 No later than fourteen (14) calendar days after the Preliminary Approval Order is entered, the Settlement Administrator shall cause to be established an account for the safekeeping of the Settlement payments (the "Qualified Settlement Fund

Account"), which shall be an interest-bearing account and considered a common fund created as a result of the Action. The Qualified Settlement Fund Account shall be governed by this Settlement Agreement and orders of the Court. The Parties agree that the Qualified Settlement Fund Account is intended to be, and will be, an interest-bearing Qualified Settlement Fund within the meaning of U.S. Department of Treasury Regulation § 1.468B-1 (26 C.F.R. § 1.468B-1).

7.2.2 The Qualified Settlement Fund Account shall be governed by this Settlement Agreement. Plaintiffs' Counsel shall provide to Defendants' Counsel (i) written notification of the date of establishment of the Qualified Settlement Fund Account, (ii) written notification of the following information regarding the Qualified Settlement Fund Account: bank name, bank address, ABA number, account number, account name, and IRS Form W-9 and taxpayer identification number, and (iii) any additional information needed for the North Highland Defendants to cause the Class Settlement Amount, defined in Section 7.2.3, to be deposited into the Qualified Settlement Fund Account. Plaintiffs' Counsel shall direct the Settlement Administrator to make distributions by wire transfer or check from the Qualified Settlement Fund Account only in strict accordance with the Settlement Agreement and orders entered by the Court. No other disbursements may be authorized by Plaintiffs' Counsel.

7.2.3 Within ten (10) business days of the entry of the Preliminary Approval Order, the North Highland Defendants, on behalf of the Released Parties and in accordance with North Highland's indemnification obligations to Argent, shall cause a total of Twenty Five Thousand Dollars ($25,000.00) to be deposited into the Qualified Settlement Fund Account for payment of Administrative Expenses. However, if Plaintiffs' Counsel has not provided Defense Counsel with the notifications and information required in Section 7.2.2(i)-(iii) within five (5) business days of the entry of the Preliminary Approval Order, then the deadline for the North Highland Defendants to cause the $25,000 to be deposited into the Qualified Settlement Fund Account shall be extended until five (5) business days after the date on which Plaintiffs' Counsel provides the notifications and information required in Section 7.2.2(i)-(iii). No later than fourteen (14) calendar days after the Effective Date of Settlement, the North Highland Defendants shall cause an additional Two Million Three Hundred Fifty Thousand Dollars ($2,350,000.00) to be deposited into the Qualified Settlement Fund Account. The two payments described in this Section 7.2.3, totaling $2,375,000, collectively comprise the "Class Settlement Amount."

7.2.4 The Class Settlement Amount, together with interest earned thereon, shall constitute the "Gross Settlement Amount." Under no circumstances shall Defendants or their insurers be responsible for any payments, costs, or fees whatsoever under the Settlement beyond the North Highland Defendants' obligation to cause the Class Settlement Amount to be deposited in the Qualified Settlement Fund Account as provided in this Article VII.

7.2.5 The Qualified Settlement Fund Account shall be structured and managed by

Plaintiffs' Counsel to qualify as a Qualified Settlement Fund under Section 468B of the Internal Revenue Code and provide reports to Plaintiffs' Counsel for tax purposes. It is intended that the Qualified Settlement Fund Account be structured and administered to preserve, to the maximum degree possible, the tax benefits associated with ERISA-qualified plans. The Parties shall not take a position in any filing or before any tax authority inconsistent with such treatment. All taxes on the income of the Qualified Settlement Fund Account and tax-related expenses incurred in connection with the taxation of the Qualified Settlement Fund Account shall be the responsibility of Plaintiffs and the Settlement Class and shall be paid out of the Qualified Settlement Fund. The Class Settlement Amount will go into the Qualified Settlement Fund Account. Each of Plaintiffs' Counsel shall have signature authority over the Qualified Settlement Fund Account. Plaintiffs' Counsel shall direct the Settlement Administrator to pay from Qualified Settlement Fund Account the costs and expenses of the Qualified Settlement Fund Account charged to the Qualified Settlement Fund Account in accordance with Section 8.1. Plaintiffs' Counsel may instruct the Settlement Administrator to reserve any portion of the Qualified Settlement Fund Account for the purpose of satisfying future or contingent expenses or obligations, including expenses of Qualified Settlement Fund Account administration or any disbursement provided under the terms of this Settlement Agreement. Defendants take no position, directly or indirectly, with respect to such matters. The Parties acknowledge and agree that Defendants shall have no authority, control, or liability in connection with the design, management, administration, investment, maintenance, or control of the Qualified Settlement Fund Account, or any distribution therefrom, or for any expenses the Qualified Settlement Fund Account may incur, or for any taxes that may be payable by the Qualified Settlement Fund Account or any distribution therefrom.

7.3. Sole Monetary Contribution. The Class Settlement Amount shall be the full and sole monetary contribution made by or on behalf of Defendants or any of the Released Parties in connection with this Settlement Agreement. The Class Settlement Amount covers any claims for Attorneys' Fees and Expenses and Administrative Expenses that may be made by Plaintiffs or Plaintiffs' Counsel on their own behalf or on behalf of the Settlement Class or the Plan. Except as otherwise specified in this Settlement Agreement, the Parties shall bear their own expenses (including attorneys' fees) in connection with effectuating the Settlement and securing all necessary court orders and approvals with respect to the same.

7.4. Receipt of Class Settlement Amount. Within 30 days after full payment of the Class Settlement Amount, the Settlement Administrator shall provide to Plaintiffs' Counsel a statement for the Qualified Settlement Fund Account showing receipt of the Class Settlement Amount.

## VIII. PAYMENTS FROM THE QUALIFIED SETTLEMENT FUND ACCOUNT

8.1. Administrative Expenses. Plaintiffs' Counsel may direct the Settlement Administrator in writing, without notice to Defendants or further order of the Court, to disburse from the Qualified Settlement Fund Account (i) the amount required for payment of any taxes owed

by the Qualified Settlement Fund Account, and (ii) amounts for the reasonable expenses of administering the Qualified Settlement Fund, including (a) reasonable expenses associated with the preparation and filing of all tax reports and tax returns required to be filed by the Qualified Settlement Fund, (b) expenses associated with the preparation and issuance of any required Forms 1099 associated with payments from the Qualified Settlement Fund, (c) fees charged and expenses incurred by the Settlement Administrator associated with the administration of the Qualified Settlement Fund, and (d) reasonable costs incurred by the Settlement Administrator in preparing and mailing the Class Notice and any supplemental notice(s) to the Settlement Class. Administrative Expenses do not include any attorneys' fees and litigation costs and expenses, which are governed by Sections 10.1 and 10.2.

8.2. Disbursements from the Settlement Fund.

8.2.1 Following the Effective Date of Settlement, Plaintiffs' Counsel may direct the Settlement Administrator in writing, without notice to Defendants or further order of the Court, to disburse money from the Qualified Settlement Fund Account as provided in Section 10.2 and pursuant to the Plan of Allocation as described in Exhibit E to this Agreement and approved by the Court.

8.2.2 The Plan of Allocation shall be prepared by Plaintiffs' Counsel and submitted to the Court for preliminary and final approval in connection with the Preliminary Approval Motion and Final Approval Motion contemplated by this Settlement Agreement, and shall provide for the allocation of the Qualified Settlement Fund Account net of the disbursements discussed herein ("Net Settlement Fund"). If the Court rejects the Plan of Allocation described in Exhibit E, Plaintiffs' Counsel shall provide a revised proposed plan of allocation for review and comment by Defendants' Counsel before submission to the Court.

8.2.3 Defendants shall have no responsibility for structuring the Plan of Allocation, but will have the right to review the Plan of Allocation for feasibility and cost of implementation before presentation to the Court. Costs of implementing the Plan of Allocation, including the costs of calculating the disbursements of the Net Settlement Fund to the Settlement Class Members, the costs of distributing the Net Settlement Fund to the Class Members, and all of the Settlement Administrator's fees shall be paid from the Qualified Settlement Fund Account. Allocation of the Net Settlement Fund to the Settlement Class Members shall be performed by the Settlement Administrator, whose costs and fees shall be paid from the Qualified Settlement Fund Account.

8.2.4 Nothing herein shall be construed to constitute approval or disapproval of the Plan of Allocation by Defendants, and Defendants take no position for or against the Plan of Allocation. Plaintiffs, Plaintiffs' Counsel, Defendants, and Defendants' Counsel shall have no responsibility or liability for or in connection with the calculation of Settlement Credit Amounts (as defined in the Plan of Allocation) and distributions of the Net Settlement Fund to Settlement Class Members. In the event of an error by the Settlement Administrator in calculating Settlement Credit

Amounts or distributing the Net Settlement Fund to Settlement Class Members, the Settlement Administrator shall correct the error within a reasonable amount of time.

8.2.5 The aggregate of all Settlement Credit Amounts may not exceed the Net Settlement Amount. In the event that the Settlement Administrator determines that the aggregate monetary payments to be made to Class Members pursuant to the Plan of Allocation would exceed the Net Settlement Amount, the Settlement Administrator is authorized to make such *pro rata* changes as are necessary to ensure that the aggregate monetary payment pursuant to the Plan of Allocation does not exceed the Net Settlement Amount.

8.3. Final List of Class Members. Prior to the disbursement of the Net Settlement Amount to the Class Members, the Settlement Administrator shall provide to Defense Counsel and Plaintiffs' Counsel a final list of Class Members to whom the Net Settlement Amount will be distributed in accordance with the Plan of Allocation. Such list shall be final, and only Class Members on the list shall be eligible to receive any recovery from this Settlement. Defense Counsel shall have no responsibility for ensuring the accuracy of the final list of Class Members to whom the Net Settlement Amount will be distributed or for the distribution of the Net Settlement Amount to Class Members.

8.4. Distribution of Settlement Credit Amounts to Class Members.

8.4.1. For each Rollover-Electing Class Member, the Settlement Administrator shall attempt to effect a rollover of the Class Member's Settlement Credit Amount to the individual retirement account or other eligible employer plan elected by each Rollover-Electing Class Member in their Rollover Form, if the conditions for such rollover are satisfied and adequate paperwork necessary to transfer such Settlement Credit Amount by rollover has been provided.

8.4.2. If the Settlement Administrator is unable to effectuate the rollover instructions of any Rollover-Electing Class Member as provided in their Rollover Form due to inadequate information supplied by the Class Member or failure by the custodian of the individual retirement account or other eligible employer plan designated by the Class Member to claim the Class Member's Settlement Credit Amount within thirty (30) days of its issuance from the Qualified Settlement Fund, the Class Member will be treated as a Non-Rollover- Electing Class Member.

8.4.3. For each Non-Rollover-Electing Class Member, the Settlement Administrator shall distribute the Class Member's Settlement Credit Amount from the Qualified Settlement Fund by calculating and withholding any taxes required to be withheld and mailing a check for the remainder of the Settlement Credit Amount to the Settlement Class Member.

8.4.4. Each check shall be sent to the mailing address determined, in the judgment of the Settlement Administrator, most likely to reach the Settlement Class Member.

8.4.5. For each check issued, other than any permitted rollover, the Settlement Administrator shall (i) calculate and withhold any applicable taxes required to be withheld associated with the payments allocable to the Class Member, (ii) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state and local revenue agents, and (iii) issue appropriate tax forms to the Class Member.

8.5. Expiration of Checks and Disbursement of Unclaimed Settlement Credit Amounts.

8.5.1. For Non-Rollover-Electing Class Members, the Settlement Administrator may issue up to three checks to attempt to distribute the Class Member's Settlement Credit Amount to them. The first round of checks issued pursuant to the Plan of Allocation shall expire sixty (60) calendar days after their issue date. For Class Members who fail to cash checks issued in this first round before the expiration date of the check, the Settlement Administrator will endeavor to locate an alternative current address and follow U.S. Department of Labor guidelines in doing so. If an alternative address is identified, a second round of checks will be issued to Settlement Class Members who failed to cash checks issued in the first round and for whom an alternative address is identified. These checks will expire ninety (90) calendar days after their issue date. Additionally, starting thirty (30) days after a check has been mailed to a Settlement Class Member but not cashed, and continuing until all second round checks have expired, the Settlement Administrator may stop payment on the check (if necessary) and re-issue the check to the Settlement Class Member if the Settlement Class Member (i) contacts the Settlement Administrator and reports that the check was lost or not received and (ii) provides or confirms to the Settlement Administrator the mailing address to which the Settlement Class Member would like a re-issued check to be sent. Any check re-issued at the request of a Class Member pursuant to this Section shall expire sixty (60) calendar days after its issue date. All checks that are undelivered or not cashed before their expiration date shall revert to the Qualified Settlement Fund Account.

8.5.2. After all efforts permitted by Section 8.5.1 to distribute each Settlement Credit Amount to the Class Member for whom it was calculated have been exhausted, all Settlement Credit Amounts that have reverted to the Qualified Settlement Fund Account shall be distributed to a *cy pres* purpose as decided by the Parties at the time of distribution.

8.6. Responsibility for Taxes.

8.6.1. The Parties acknowledge that any payments to Settlement Class Members may be subject to applicable tax laws. Defense Counsel, Defendants, Plaintiffs, and Plaintiffs' Counsel will not provide tax advice to Class Members and will make no representations regarding the tax consequences of any of the Settlement payments described in this Settlement Agreement. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law and the terms

of this Settlement Agreement in respect of all payments or distributions made under the Settlement Agreement.

8.6.2. The Settlement Administrator is the "administrator" of the Qualified Settlement Fund Account under Treas. Reg. § 1.468B-2(k)(3)(ii) and the terms of this Settlement Agreement. Consistent with Treas. Reg. § 1.468B-2(l)(2), and under the terms of this Settlement Agreement, the Settlement Administrator shall have sole responsibility for tax withholding and reporting for the Qualified Settlement Fund Account and distributions therefrom, and the fulfillment of administrative functions related to such distributions, including determining whether distributions to Settlement Class Members qualify as eligible rollover distributions within the meaning of Code Section 402 and implementing regulations and, if so, for compliance with those provisions, including responsibility for any notices that may be required for such distributions.

8.6.3. Each Settlement Class Member who receives a payment pursuant to the Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state and local taxes resulting from or attributable to the payment received. Each Settlement Class Member shall hold Defendants, Defense Counsel, the Released Parties, Plaintiffs' Counsel, and the Settlement Administrator harmless from (i) any tax liability, including without limitation penalties and interest, related in any way to payments or credits under the Settlement Agreement, and (ii) the costs (including, without limitation, fees, costs and expenses of attorneys, tax advisors, and experts) of any proceedings (including, without limitation, any investigation, response, and/or suit) related to any such tax liability.

8.7. The Released Parties shall have no responsibility for or liability whatsoever with respect to (i) any act, omission, or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Qualified Settlement Fund Account or otherwise, (ii) the management, investment, or distribution of the Qualified Settlement Fund, (iii) the Plan of Allocation as approved by the Court, (iv) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund, (v) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund, or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund Account or tax reporting or payments to or tax withholding from payments made to Class Members from the Qualified Settlement Fund, or the filing of any returns. Further, the Released Parties shall have no responsibility for or liability whatsoever with respect to any act, omission, or determination of the Settlement Administrator in connection with the administration of the Qualified Settlement Fund Account, including the offering of a tax-qualified rollover to Class Members, or otherwise.

8.8. Within 30 days after the last expiration date of any checks issued to Class Members, the Settlement Administrator shall prepare and provide to Defense Counsel and Plaintiffs' Counsel a report listing (i) each Class Member who received a payment from the Settlement, (ii) the form of the settlement payment (i.e., rollover or check), (iii) the gross amount of the

settlement payment, (iv) the net amount of the settlement payment after any tax withholdings, (v) the date of issuance of the settlement payment, and (vi) the date the settlement payment cleared, if applicable. Any Class Member whose check is undelivered or not cashed before its expiration date and whose Settlement Credit Amount therefore reverts to the Qualified Settlement Fund Account pursuant to Section 8.5 shall not be deemed to have "received" a payment from the Settlement for purposes of this Section 8.8.

## IX. TERMINATION OF THE SETTLEMENT AGREEMENT

9.1. Termination. Prior to entry of the Final Order, automatic termination of this Settlement Agreement will occur under the following circumstances:

9.1.1 If the Court declines to approve the Settlement, then this Settlement Agreement shall automatically terminate thirty (30) days after such order becomes Final.

9.1.2 If (i) the Court enters an order modifying the economic terms of this Settlement Agreement or materially modifying any term of the Final Order, and (ii) within twenty (20) days after the date of any such order or within twenty (20) days after the date of the Court's order following a motion for reconsideration of any such order, whichever is later, the Party detrimentally affected by the modification(s) declines to waive its objections to the modification(s) and the Parties otherwise are not able to reach an agreement in light of the modification(s), then this Settlement Agreement shall automatically terminate on the twentieth (20th) day after issuance of the order referenced in this Section 9.1.2.

9.1.3 If any or all of the conditions of Article II of this Settlement Agreement are not satisfied in accordance with their terms and substantially in accordance with the timetable set forth in that Article, then this Settlement Agreement shall be terminable by any Party (unless the Party seeking termination caused the failure) thirty (30) days after the applicable deadline set forth in Article II has passed; provided, however, that the Party or Parties that caused the conditions of Article II to not be satisfied shall first be given reasonable notice in writing and an opportunity to cure the deficiency. Notwithstanding anything in this Section 9.1, the Settlement Agreement is not subject to termination solely as a result of any decision or order of the Court concerning an award of Attorneys' Fees and Expenses to Plaintiffs' Counsel or Case Contribution Award(s).

9.2. Consequences of Termination of the Settlement Agreement. If the Settlement Agreement is terminated for any reason specified in Section 9.1, the following shall occur:

9.2.1 The Settlement Agreement and the Settlement shall be deemed void and of no further force and effect, with the Parties reserving all rights and returning to their respective positions on the day immediately before the Agreement Execution Date. Notwithstanding the foregoing, the following provisions of this Settlement Agreement shall remain in effect and shall survive the termination of the Settlement Agreement: Article V (Representations and Warranties); Article VI (Use and Effect

of Settlement Agreement); this Article IX (Termination of the Settlement Agreement); and Article XII (Miscellaneous Provisions).

9.2.2 The Action shall, for all purposes with respect to the Parties, revert to its status as of the day immediately before the Agreement Execution Date.

9.2.3 After payment from the Qualified Settlement Fund Account of any Administrative Expenses incurred as of the date of the Termination, any funds remaining in the Qualified Settlement Fund Account will be returned to Defendants. Plaintiffs, Plaintiffs' Counsel, and the Settlement Class shall in no event be liable for payment of such Administrative Expenses.

## X. ATTORNEYS' FEES AND EXPENSES

10.1. Application for Attorneys' Fees and Expenses. Plaintiffs' Counsel may apply to the Court for an award to Plaintiffs' Counsel of attorneys' fees, not to exceed $791,666 (33.33% percent of the Class Settlement Amount), and for reimbursement of litigation expenses and costs incurred by Plaintiffs' Counsel in connection with the Action to be paid from the Qualified Settlement Fund. Plaintiffs' Counsel's attorneys' fees may include attorneys' fees and litigation costs and expenses incurred in securing all necessary Court orders and approvals with respect to the Settlement Agreement.

10.2. Disbursement of Attorneys' Fees and Expenses.

10.2.1 Following the Effective Date of Settlement and Court approval, in whole or in part, of Plaintiffs' Counsel's motion for Attorneys' Fees and Expenses, Plaintiffs' Counsel may instruct the Settlement Administrator in writing to disburse payment of the Attorneys' Fees and Expenses awarded by the Court from the Qualified Settlement Fund Account immediately.

10.2.2 If, at the time of any disbursement from the Qualified Settlement Fund Account pursuant to Article VIII, there shall be a pending application for Attorneys' Fees and Expenses, there shall be reserved in the Qualified Settlement Fund Account an amount equal to the amount of the pending application, until such time as the Court shall rule upon such application and such ruling shall become Final.

## XI. NON-DISPARAGEMENT

11.1 Mutual Non-Disparagement. The Parties, their counsel, and their agents shall refrain from making derogatory or disparaging public comments or remarks, oral or written, regarding the Settlement, Plaintiffs, the Class Members, Defendants, and the Released Parties in connection with the Settlement.

## XII. MISCELLANEOUS PROVISIONS

12.1. Governing Law. This Settlement Agreement shall be governed by the laws of the State of

Georgia without giving effect to the conflict of laws or choice of law provisions thereof, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

12.2. Return of Materials. Each Party that received material designated as "confidential" from an opposing Party or third party in the course of litigating the Action shall, within ninety (90) days after the Effective Date of Settlement, return or destroy all copies of such materials.

12.3. Retention of Privilege. Nothing in this Settlement Agreement, or the negotiations relating to it, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

12.4. Severability. The material provisions of this Settlement Agreement are not severable.

12.5. Amendment. Before entry of the Final Order, the Settlement Agreement may be amended only by written agreement signed by or on behalf of all Parties. Following entry of the Final Order, the Settlement Agreement may be amended only by written agreement signed by or on behalf of all Parties and approved by the Court.

12.6. Waiver. The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving Party. The waiver by any Party of any breach of this Settlement Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

12.7. Construction. None of the Parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter.

12.8. Principles of Interpretation. The following principles of interpretation apply to this Settlement Agreement.

12.8.1 Headings. The headings of this Settlement Agreement are for reference purposes only and do not affect in any way the meaning or interpretation of this Settlement Agreement.

12.8.2 Singular and Plural. Definitions apply to the singular and plural forms of each term defined.

12.8.3 Gender. Definitions apply to the masculine, feminine, and neuter genders of each terms defined.

12.8.4 Terms of Inclusion. Whenever the words "include," "includes," or "including" are used in this Settlement Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation." The connectives "and,"

"or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a sentence or clause all subject matter that might otherwise be construed to be outside of its scope. The terms "herein," "hereof," and the like shall be deemed to refer to this Settlement Agreement as a whole.

12.9. Further Assurances. Each of the Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that he, she, or it will, in good faith, execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter and purpose of this Settlement Agreement.

12.10. Survival. All representations, warranties, and covenants set forth in this Settlement Agreement (including Articles IV, V, and VI hereof) shall be deemed continuing and shall survive the Effective Date of Settlement.

12.11. Notices. Any notice, demand, or other communication under this Settlement Agreement (other than the CAFA Notice, Class Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail (postage prepaid), sent by confirmed facsimile, electronic mail or delivered by reputable express overnight courier:

**IF TO PLAINTIFFS:**

Gregory Y. Porter
Bailey & Glasser LLP
1055 Thomas Jefferson Street, NW Suite 540
Washington, DC 20007
Telephone: (202) 463-2101
gporter@baileyglasser.com

**IF TO ARGENT:**

Gregory F. Jacob
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
gjacob@omm.com

**IF TO NORTH HIGHLAND DEFENDANTS:**

Lars C. Golumbic
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave., NW
Washington, D.C. 20006
Telephone: (202) 861-6615

lgolumbic@groom.com

Any Party may change the address at which it is to receive notice by written notice delivered to the other Parties in the manner described above.

12.12. Entire Agreement. This Settlement Agreement contains the entire agreement among the Parties relating to the Settlement. It specifically supersedes any settlement terms or settlement agreement relating to Plaintiffs and Defendants that were previously agreed orally or in writing by any of the Parties.

12.13. Counterparts. This Settlement Agreement may be executed by exchange of faxed or electronically transmitted (.pdf) executed signature pages, and any signature transmitted by facsimile or .pdf for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement. This Settlement Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

12.14. Binding Effect. This Settlement Agreement binds and inures to the benefit of the Parties hereto, their respective assigns, heirs, administrators, executors, Successors-In-Interest, and Representatives.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the respective dates set forth below.

PLAINTIFFS' COUNSEL

Dated: August 8, 2025 By: [signature]

ARGENT'S COUNSEL

Dated: August 14, 2025 By: [signature]

NORTH HIGHLAND DEFENDANTS' COUNSEL

Dated: August 14, 2025 By: [signature]

# EXHIBIT A

EXHIBIT A

NOTICE OF CLASS ACTION SETTLEMENT
*in*
NORTH HIGHLAND ESOP LITIGATION
***Phyllis Michele Howell, Simon Reisert, and Carole Speight v. Argent Trust Company, et al., Case No. 1:22-cv-03959-SDG (N.D. Ga.)***
PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.

**This is a notice of a proposed class action settlement in the above-referenced lawsuit.**
**If you are a member of the Class, the settlement will affect your legal rights.**
**This is not a solicitation from a lawyer.**
**You have not been sued.**

- A Settlement has been reached in a class action lawsuit concerning The North Highland Company Employee Stock Ownership Plan (formerly known as The North Highland Company Employee Stock Ownership and 401(k) Plan) (the "Plan"). The class action lawsuit involves whether the Plan was administered in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"), including claims that fiduciaries breached their duties in connection with transactions involving the stock of North Highland ESOP Holdings, Inc. between 2016 and 2021. ERISA is the federal law that regulates and sets minimum standards for the administration of most retirement plans in the private sector, including the Plan.

- The defendants in the class action are Argent Trust Company, North Highland ESOP Holdings, Inc., The North Highland Company, Inc., The North Highland Company LLC, The North Highland Holding Co., LLC, Dan Reardon, Alex Bombeck, Beth Schiavo, and Lauren Childers. Defendants deny all claims, and nothing in the Settlement is an admission or concession on Defendants' part of any fault or liability whatsoever.

- The Settlement will provide, among other things, for a $2,375,000.00 Qualified Settlement Fund that will be allocated to eligible Settlement Class Members after any Court-approved deductions for Attorneys' Fees and Costs and Administrative Expenses.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated [INSERT DATE]. Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at [INSERT WEBSITE]. Certain other documents also will be posted on that website. You should visit that website if you would like more information about the Settlement or the lawsuit. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov.

- The Settlement Class (whose members are "Settlement Class Members") includes all participants in The North Highland Company Employee Stock Ownership Plan (formerly known as The North Highland Company Employee Stock Ownership and 401(k) Plan), and the beneficiaries of such participants, who held vested shares in the Plan in North Highland ESOP Holdings, Inc. at any time between October 1, 2016 and May 30, 2025. Excluded from the Class are the individual Defendants and their immediate families, and the legal representatives, successors, and assigns of any such excluded persons.

- Your rights and the choices available to you—and the applicable deadlines to act—are explained in this Notice. Please note that neither The North Highland Company nor any current or former employees, attorneys, or representatives of The North Highland Company may advise you as to what the best choice is for you or how you should proceed.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement in this Class Action and the final approval is upheld in the event of any appeal.

- A Fairness Hearing will take place on [INSERT DATE], at [INSERT TIME AND LOCATION], to determine whether to grant final approval of the Settlement and approve the requested Attorneys' Fees and Costs and Administrative Expenses. If the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at [INSERT WEBSITE].

- Any objections to the Settlement, or to the requested Attorneys' Fees and Costs and/or Administrative Expenses, must be filed with the Clerk of Court and served in writing on Class Counsel and Defense Counsel, as identified in Item 11 below.

| **YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT:** | |
|---|---|
| **PAYMENT OPTION ONE:**<br>**ROLLOVER TO AN INDIVIDUAL RETIREMENT ACCOUNT OR QUALIFIED EMPLOYER PLAN** | This lawsuit concerns a retirement plan. You have the option of receiving your share of the Settlement in the form of a direct rollover to an individual retirement account or qualified employer plan. To do this, you must submit the enclosed Rollover Form on or before [date of Fairness Hearing]. A Rollover Form may also be obtained by calling the Settlement Administrator at [telephone number] or by accessing [www.settlementwebsite.com]. Rollovers will be effectuated only if and when the Court gives final approval to the Settlement and the Settlement becomes effective.<br>Payments distributed in the form of a rollover will not be subject to automatic withholding for taxes.<br>For additional information, see Item 6 below. |

| | |
|---|---|
| **<u>PAYMENT OPTION TWO:</u>**<br>**CHECK MAILED DIRECTLY TO YOU** | If you do nothing in response to this Notice, the Settlement Administrator will attempt to mail your share of the Settlement directly to you by check. Checks will be distributed only if and when the Court gives final approval to the Settlement and the Settlement becomes effective.<br><u>Payments made directly by check are subject to automatic tax withholding and tax reporting, as determined by the Settlement Administrator.</u><br>For additional information, see Item 6 below. |
| **YOU CAN OBJECT (NO LATER THAN [DATE])** | If you wish to object to any part of the Settlement, or to the requested Attorneys' Fees and Costs and/or Administrative Expenses, you must file and postmark your objection and any supporting documents with the Clerk of the Court, and mail copies to Class Counsel and Defense Counsel (as identified in Item 11, below), at least 30 calendar days before the Fairness Hearing. Please note that you will not be permitted to make an objection to the Settlement if you do not comply with the requirements for making objections. |
| **YOU CAN ATTEND A HEARING ON [DATE]** | You may also attend the Fairness Hearing and speak at the Fairness Hearing on [DATE]. If you wish to attend the hearing and speak at the hearing, you must provide Class Counsel and Defense Counsel (as identified in Item 11 below) with notice of your intent to appear postmarked at least 14 calendar days before the Fairness Hearing. Please note that you will not be permitted to speak at the Fairness Hearing if you do not comply with the requirements for making an objection. |

## <u>The Class Action</u>

The case is called *Phyllis Michele Howell, Simon Reisert, and Carole Speight v. Argent Trust Company, et al.*, Case No. 1:22-cv-03959-SDG (N.D. Ga.) (the "Class Action" or "lawsuit"). It has been pending since September 30, 2022. The Court supervising the case is the United States District Court for the Northern District of Georgia, Atlanta Division. The individuals who brought this lawsuit are called the Class Representatives, and the persons that were sued are called the Defendants. The Class Representatives (Phyllis Michele Howell, Simon Reisert, and Carole Speight) were participants in the Plan. Defendants are Argent Trust Company, North Highland ESOP Holdings, Inc., The North Highland Company, Inc., The North Highland Company LLC, The North Highland Holding Co., LLC, Dan Reardon, Alex Bombeck, Beth Schiavo, and Lauren Childers. The claims in the lawsuit are described below in Item 2, and additional information about them, including a copy of the operative Complaint, is available at [INSERT WEBSITE].

## The Settlement

Following negotiations facilitated by a mediator with Class Counsel and Defense Counsel, a Settlement has been reached. If the Settlement is approved, a Qualified Settlement Fund of **$2,375,000.00** will be established to resolve the claims against Defendants in the Class Action. The "Net Settlement Amount" is $2,375,000.00 plus any interest earned by the Qualified Settlement Fund minus all Court-approved: (a) Attorneys' Fees and Costs and (b) Administrative Expenses. The Net Settlement Amount will be allocated to Settlement Class Members according to a Plan of Allocation to be approved by the Court and further described below in Item 5.

Statement of Attorneys' Fees and Costs and Administrative Expenses, Sought in the Class Action

Class Counsel has devoted significant time to investigating the facts, prosecuting the lawsuit, reviewing documents obtained from Defendants and third parties, and negotiating the Settlement. During that time, they have also advanced significant costs, including expert fees and other expenses necessary to pursue the case. Class Counsel took the risk of litigation and have not been paid for any of their time or for any of these costs throughout the time this case has been pending.

Class Counsel will apply to the Court for payment of Attorneys' Fees for their work in the case and the litigation costs advanced. The amount of fees and costs that Class Counsel will request will not exceed 33 1/3% of the Class Settlement Amount ($791,666). In addition, Class Counsel will seek to recover expenses incurred in litigating the case, which are expected to be less than $25,000. Any Attorneys' Fees and Costs and Administrative Expenses awarded by the Court will be paid or reimbursed from the Qualified Settlement Fund.

A full and formal application for Attorneys' Fees and Costs and Administrative Expenses will be filed with the Court on or before [INSERT DATE]. This application will be made available at [INSERT WEBSITE]. You may also obtain a copy of this application through PACER (http://www.pacer.gov) or by reviewing it in person during regular business hours at the Office of the Clerk of the United States District Court for the Northern District of Georgia.

### 1. Why Did I Receive This Settlement Notice?

The Court caused this Notice to be sent to you because our records indicate that you may be a Settlement Class Member. If you fall within the definition of the Settlement Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Settlement Class Members according to a Court-approved Plan of Allocation.

## 2. What Is the Class Action About?

In the Class Action, the Class Representatives allege that certain Defendants breached their fiduciary duties under ERISA in connection with transactions involving The North Highland Company Employee Stock Ownership Plan (the "Plan"), including allegations that the Plan's stock in North Highland ESOP Holdings, Inc. was improperly diluted during, and for a period of time following, an October 2016 recapitalization. Defendants deny all claims and assert that they have at all times acted prudently and in the best interests of the Plan's participants and beneficiaries.

## 3. Why Is There a Settlement?

The Court has not reached a final decision as to the Class Representatives' claims. Instead, the Class Representatives and Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between the Class Representatives, Defendants, and their respective counsel. These negotiations were facilitated by an experienced mediator. The parties to the Settlement have taken into account the uncertainty, risks, and costs of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel believe that the Settlement is best for the Settlement Class. Nothing in the Settlement Agreement is an admission or concession on Defendants' part of any fault or liability whatsoever. They have entered into the Settlement Agreement to avoid the uncertainty, expense, and burden of additional litigation.

## 4. What Does the Settlement Provide?

Under the Settlement, Defendants will cause **$2,375,000.00** to be paid into a Qualified Settlement Fund to resolve the claims of the Settlement Class. After deductions for Court-approved Attorneys' Fees and Costs and Administrative Expenses, the Net Settlement Amount will be allocated among Settlement Class Members according to a Plan of Allocation to be approved by the Court (described further in Item 5). Settlement Class Members who are entitled to a distribution will receive their settlement payment either as a direct rollover to a qualified retirement account or in the form of a check.

All Settlement Class Members and anyone claiming through them will fully release the Defendants and the Released Parties from certain Released Claims, as defined in the Settlement Agreement. The Released Parties include each Defendant and certain related parties as outlined in the Settlement Agreement. The Released Claims include any claims against any of the Released Parties with respect to the Plan that were asserted in the Class Action against Defendants or which could have been asserted against Defendants in connection with the Plan.

This is *only* a summary of the Released Claims, and is not a binding description. The governing releases are found within Article 3 of the Settlement Agreement, which is available at [www.settlementwebsite.com].

## 5. How Much Will My Distribution Be?

The amount, if any, that will be allocated to you will be based upon records provided by the Plan's recordkeeper. Calculations regarding individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To receive a distribution from the Net Settlement Amount, you must be a "Settlement Class Member" as described on page 1 of this Notice. If you are receiving this notice, then we believe you are likely to be a Settlement Class Member.

There are [INSERT NUMBER] Settlement Class Members, according to a preliminary review of Plan records. The Plan of Allocation will allocate the Net Settlement Amount on a pro rata basis, taking into account the number of shares or vested balances each Settlement Class Member held during the relevant Class Period. A more complete description regarding the details of the Plan of Allocation can be found in Exhibit E to the Settlement Agreement, which is available at [www.settlementwebsite.com].

## 6. How Can I Receive My Distribution?

A Rollover Form is enclosed with this Notice and explains the steps necessary to receive your share of the Settlement via direct rollover to an individual retirement account or qualified employer plan. You may also obtain the Rollover Form on the Settlement Website at [www.settlementwebsite.com] or by calling the Settlement Administrator at [telephone number]. Rollover Forms should be submitted prior to the date set forth above for the Fairness Hearing. Settlement payments distributed via direct rollover will not be subject to automatic withholdings. Further information regarding rollovers can be found at the end of this notice on page 10.

All other settlement payments will be mailed in the form of a check. You do not need to do anything to receive a check. However, because checks will be sent by mail, it is important to notify the Settlement Administrator ([telephone number] or via the contact form at [www.settlementwebsite.com]) of any changes to your mailing address. You may also notify Class Counsel (identified in Item 11, below) of any changes to your mailing address.

Payments made directly to Class Members by check are subject to automatic tax withholding and tax reporting, as determined by the Settlement Administrator. Any tax withheld by the Settlement Administrator may not constitute all tax that you may owe in connection with your settlement payment. You will be responsible for determining and paying any tax that is due but was not automatically withheld in connection with your settlement payment.

If you submit a Rollover Form but your requested rollover is not effectuated for any reason (for example, because your Rollover Form was submitted too late, the information that you provided

was not sufficient, or the financial institution that you designated did not accept the rollover), the Settlement Administrator will attempt to mail you a check. Such checks will be subject to automatic tax withholding and reporting, as determined by the Settlement Administrator, and all other terms of the Settlement Agreement that apply to payments by check.

## 7. When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement in this Action and any approvals becoming final and no longer subject to any appeals in any court. An appeal of the final approval orders may take several years. If the Settlement is approved by the Court and there are no appeals, the Settlement distribution likely will occur within approximately four months of the Court's Final Approval Order in this Action, unless there are unforeseen circumstances. There will be no payments under the Settlement if the Settlement Agreement is terminated.

## 8. Can I Exclude Myself from The Settlement?

No. The Class has been certified for Settlement purposes under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Settlement Class Member, you are bound by the Settlement (if it receives final Court approval) and any judgments or orders that are entered in the Class Action. If you wish to object to any part of the Settlement, you may file an objection with the Clerk of the Court and write to Class Counsel and Defense Counsel about why you object to the Settlement, as discussed below.

## 9. Do I Have a Lawyer in The Case?

The Court has appointed the law firm of Bailey & Glasser LLP as Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 10. How Will the Lawyers Be Paid?

Class Counsel will file a motion for an award of Attorneys' Fees and Costs and Administrative Expenses prior to the objection deadline. The Court will determine the amount of fees, costs, and administrative expenses that will be awarded, if any. All papers filed in this Class Action, including Class Counsel's motion for Attorneys' Fees and Costs and Administrative Expenses, will be available for review on the Settlement Website [www.settlementwebsite.com] and via the Public Access to Court Electronic Records System (PACER), available online at http://www.pacer.gov.

## 11. How Do I Tell the Court If I Don't Like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement by mailing to Class Counsel and to Defense Counsel at the addresses below a written objection explaining why you object and enclosing any supporting documents. Your written objection must: (1) clearly identify the case name and number: *Howell, et al. v. Argent Trust Co., et al., Case No. 1:22-cv-03959-SDG;* (2) include your full name, current address, and telephone number; (3) describe the position you wish to assert, including the factual and legal grounds for the position; (4) provide copies of all documents that you wish to submit in support of your position; (5) provide the name(s), address(es) and phone number(s) of any attorney(s) representing you; and (6) include your signature. Your written objection and supporting documents must be mailed to Class Counsel and Defense Counsel and postmarked no later than 30 calendar days prior to Fairness Hearing to be considered. Class Counsel and Defense Counsel will have an opportunity to respond to your objection. You also must file your objection with the Court by mailing or hand delivering it to the Clerk of Court of the United States District Court for the Northern District of Georgia, 2211 United States Courthouse, 75 Ted Turner Dr., SW, Atlanta, GA 30303-3309.

| **CLASS COUNSEL** | **DEFENSE COUNSEL** |
|---|---|
| Gregory Porter<br>**Bailey & Glasser, LLP**<br>1055 Thomas Jefferson Street, NW<br>Suite 540<br>Washington, DC 20007 | Lars C. Golumbic<br>**Groom Law Group, Chtd.**<br>1701 Pennsylvania Ave., NW<br>Washington, D.C. 20006<br><br>Deanna Rice<br>**O'Melveny & Myers LLP**<br>1625 Eye Street, NW<br>Washington, DC 20006 |

## 12. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a Fairness Hearing at **[TIME]** on **[DATE]**, at [**INSERT**]. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court also will consider the motion for Attorneys' Fees and Costs and Administrative Expenses. If there are objections, the Court will consider them then. You do not have to appear at the Fairness Hearing in order to have your objection considered by the Court. Please note that if the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at [www.settlemementwebsite.com].

## 13. Do I Have to Attend the Fairness Hearing?

No, but you are welcome to come at your own expense. You may also make an appearance through an attorney at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it.

## 14. May I Speak at The Fairness Hearing?

Yes. If you wish to attend and speak at the Fairness Hearing, you must file an intent of notice to participate with the Clerk of the Court and mail to Class Counsel and Defense Counsel (as identified in Item 11, above) a notice of intent to appear postmarked at least 14 calendar days before the Fairness Hearing. In order to speak at the Fairness Hearing, you must also comply with the requirements for making an objection (described above in Item 11, above) if you wish to object to the Settlement.

## 15. What Happens If I Do Nothing at All?

If you are a "Settlement Class Member" as described on page 1, and you do nothing, the Settlement Administrator will attempt to mail your *pro rata* share of the Net Settlement Amount directly to you via check, if the Settlement is finally approved.

## 16. How Do I Get More Information?

If you have questions regarding the Settlement, you can visit [www.settlementwebsite.com], call [phone number], or write to the Settlement Administrator at [mailing address]. **Do not contact the Court with questions regarding the Settlement.** All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and can be reviewed in person during regular business hours at the Office of the Clerk of Court of the United States District Court for the Northern District of Georgia, 2211 United States Courthouse, 75 Ted Turner Dr., SW, Atlanta, GA 30303-3309. Please note that neither North Highland nor any current or former employees, attorneys, or representatives of North Highland may advise you regarding the Settlement or how you should proceed.

## YOUR ROLLOVER OPTIONS

The Settlement Administrator has determined that the payment you are receiving from the Qualified Settlement Fund ("Fund") is eligible to be rolled over to an Individual Retirement Account ("IRA") or an employer plan. This Q&A is intended to help you decide whether to do such a rollover. This notice describes the rollover rules that apply to payments from the Fund. Neither the Parties nor the Court will provide you with tax advice. If you have questions about your personal tax obligations, please contact your tax professional.

## GENERAL INFORMATION ABOUT ROLLOVERS

**How can a rollover affect my taxes?** You will be taxed on a payment from the Fund if you do not roll it over. If you are under age 59½ and do not do a rollover, you will also have to pay a 10% additional income tax on early distributions (generally, distributions made before age 59½), unless an exception applies. However, if you do a rollover, you will not have to pay tax until you receive payments later and the 10% additional income tax will not apply if those payments are made after you are age 59½ (or if an exception to the 10% additional income tax applies).

**What types of retirement accounts and plans may accept my rollover?** You may roll over the payment to either an IRA (an individual retirement account or individual retirement annuity) or an employer plan (a 401(k), section 403(b) plan, or governmental section 457(b) plan) that will accept the rollover. The rules of the IRA or employer plan that holds the rollover will determine your investment options, fees, and rights to payment from the IRA or employer plan (for example, IRAs are not subject to spousal consent rules, and IRAs may not provide loans). Further, the amount rolled over will become subject to the tax rules that apply to the IRA or employer plan.

**How do I do a rollover?** There are two ways to do a rollover. You can do either a direct rollover or a 60-day rollover.

**If you do a direct rollover,** the Fund will make the payment directly to your IRA or an employer plan. You should contact the IRA sponsor or the administrator of the employer plan for information on how to do a direct rollover. The information they give you can then be used to complete the settlement administration form. You generally need to have an account opened (even if it is not funded) for an institution to process your rollover.

**If you do not do a direct rollover,** you may still do a rollover by making a deposit into an IRA or eligible employer plan that will accept it. Generally, you will have 60 days after you receive the payment to make the deposit. If you do not do a direct rollover, the Fund is required to withhold 20% of the payment for federal income taxes (up to the amount of cash and property received other than employer stock). This means that, in order to roll over the entire payment in a 60-day rollover, you must use other funds to make up for the 20% withheld. If you do not roll over the entire amount of the payment, the portion not rolled over will be taxed and will be subject to the 10% additional income tax on early distributions if you are under age 59½ (unless an exception applies).

# EXHIBIT B

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| PHYLLIS MICHELE HOWELL, SIMON REISERT, and CAROLE SPEIGHT, on behalf of The North Highland Company Stock Ownership and 401(k) Plan, and on behalf of a class of all other persons similarly situated,<br><br>*Plaintiffs*,<br>v.<br><br>ARGENT TRUST COMPANY, NORTH HIGHLAND ESOP HOLDINGS, INC., THE NORTH HIGHLAND COMPANY, INC., THE NORTH HIGHLAND COMPANY LLC, THE NORTH HIGHLAND HOLDING CO., LLC, DAN REARDON, ALEX BOMBECK, BETH SCHIAVO, and LAUREN CHILDERS,<br><br>*Defendants*. | § § § § § § § § § § § § § | Civil Action No. 1:22-cv-3959-SDG |

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

Plaintiffs Phyllis Michele Howell, Simon Reisert, and Carole Speight, individually and as Class Representatives ("Plaintiffs" or "Class Representatives") have moved, pursuant to Federal Rule of Civil Procedure 23, for an order preliminary approving the settlement of this Action and for certification of a settlement class, in accordance with the Settlement Agreement dated August 8, 2025 (the "Settlement Agreement"), which, together with the exhibits thereto, sets forth the terms and

conditions for a proposed settlement of this Action. The Court, having read and considered the Settlement Agreement, the Motion, and the exhibits thereto, **GRANTS** the motion and **ORDERS** as follows:

1. Plaintiffs, on behalf of themselves and all members of the Settlement Class, and Defendants have negotiated a potential settlement to this Action to avoid the expense, uncertainty, and burden of protracted litigation, and to resolve the Released Claims against Defendants and the other Released Parties.

2. Unless otherwise indicated, this Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

3. This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Class Members, and venue in this Court is proper.

4. Based on the Court's review, the Court finds, on a preliminary basis that: (1) the Settlement is fair, reasonable, and adequate, and within the range of possible approval; (2) the Settlement has been negotiated in good-faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case and facilitated by an experienced mediator following production of relevant documents from Defendants; (3) the form and method of notice of the Settlement and of the Final Fairness Hearing is appropriate; and (4) the Settlement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and applicable Eleventh Circuit precedents. Accordingly, the Court preliminarily approves the Settlement Agreement in its entirety.

5. Pursuant to Federal Rule of Civil Procedure 23(b)(1), the Court certifies the following Settlement Class:

All participants in The North Highland Company Employee Stock Ownership Plan

(formerly known as The North Highland Company Employee Stock Ownership and 401(k) Plan), and the beneficiaries of such participants, who held vested shares in the Plan in North Highland ESOP Holdings, Inc. at any time between October 1, 2016 and May 30, 2025. Excluded from the Class are the individual Defendants and their immediate families, and the legal representatives, successors, and assigns of any such excluded persons.

6. Named Plaintiffs Phyllis Michele Howell, Simon Reisert, and Carole Speight are appointed as the Class Representatives, and Bailey & Glasser LLP is appointed as Class Counsel for the Settlement Class.

7. The Court finds the Plan of Allocation proposed by Class Counsel is fair, reasonable and adequate as it proposes to compensate each class member based upon the number of shares they held in the ESOP over the Class Period, which is a fair proxy for the harm alleged, which was based on the number of shares held in the ESOP when shares were diluted starting with the 2016 Recapitalization until the 2021 Redemption Transaction.

8. The Court finds that under Fed. R. Civ. P. 23(c)(2), the proposed Notice of Settlement (Exhibit A to the Settlement Agreement) constitutes reasonable and appropriate notice under the circumstances, provides due and sufficient notice of the Final Fairness Hearing and of the rights of all Settlement Class Members, and complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law. Specifically, the Court finds that the proposed Notice fairly and adequately provides information to the Settlement Class regarding, among other things: (1) the nature of the claims asserted in the Action; (2) the scope of the Settlement Class; (3) the terms of the Settlement Agreement; (4) the process for submitting a Rollover Form, if permitted; (5) Settlement Class Members' right to object to the Settlement and the deadline for doing so; (6) the claims being released by the Settlement Class; (7) the identity of Class Counsel and the amount of compensation they will seek in connection with the Settlement; (8) the date, time, and location of the Fairness Hearing; and (9) Settlement

Class Members' right to appear at the Fairness Hearing.

9. Pursuant to the Settlement Agreement, Simpluris is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order. Class Counsel is responsible for the oversight and monitoring of the Settlement Administrator and authorizing any administrative fees paid by the Settlement Fund consistent with the Settlement Agreement and Court order. The Court approves the establishment of the Qualified Settlement Fund. Simpluris shall be the administrator of the Qualified Settlement Fund and shall be responsible for all tax withholding and reporting related to the Qualified Settlement Fund, including for determining whether tax-qualified rollover distributions may be offered to the Settlement Class Members.

10. No later than thirty (30) calendar days after the entry of this Order, the Settlement Administrator shall send by first-class mail the Settlement Notice (in substantially the same form as is attached as Exhibit A to the Settlement Agreement) to each Settlement Class Member identified by the Settlement Administrator based upon the data available from the Plan's Recordkeeper, provided by Settlement Class Members, or otherwise obtained through reasonable efforts. The Settlement Administrator shall use commercially reasonable efforts to locate Settlement Class Members' last known addresses for any who have moved since the last distribution to them from the Plan.

11. In accordance with the Settlement Agreement, the Settlement Administrator also shall establish a settlement website and toll-free telephone line relating to the Settlement no later than thirty (30) calendar days following the entry of this Preliminary Approval Order.

12. On **[date] at [time] [no sooner than 120 days after the entry of this Order],** or at such other date and time later set by Court Order, in **INSERT**, this Court will hold a Fairness Hearing to determine whether: (a) the Court should approve the Settlement as fair, reasonable, and

adequate; (b) the Court should enter the Final Approval Order; and (c) the Court should approve the application for Attorneys' Fees and Costs and Administrative Expenses. The Final Fairness Hearing may be held in person, by telephone, or via videoconference, without further direct notice to the Class Members, other than by notice to Class Counsel, and/or be adjourned or continued by order of the Court.

13. Any Settlement Class Member may comment in support of or in opposition to the Settlement Agreement. Any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Final Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel. To be filed validly, the objection and any notice of intent to participate or supporting documents must be filed or postmarked at least thirty (30) calendar days prior to the scheduled Final Fairness Hearing. The comment and/or objection also must: (1) clearly identify the case name and number of this Action; (2) include the Settlement Class Member's full name, current address, and telephone number; (3) describe the position the Settlement Class Member wishes to assert, including the factual and legal grounds for the position; (4) provide copies of all documents that the Settlement Class Member wishes to submit in support of his or her position; (5) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the Settlement Class Member; and (6) include the Settlement Class Member's signature. Any Person wishing to speak at the Final Fairness Hearing shall file, with copies provided to Class Counsel and Defense Counsel, a notice of intent to participate fourteen (14) calendar days before the Final Fairness Hearing. A notice of intent to participate shall be timely filed if it is post-marked to the Clerk of the Court, Class Counsel, and Defense Counsel at least fourteen (14) calendar days before the Final Fairness Hearing.

14. Any party may file a response to an objection by a Class Member at least seven (7)

calendar days before the Final Fairness Hearing.

15. Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived such Settlement Class Member's objections and shall forever be barred from making any such objections in this Action or in any other action or proceeding.

16. Any application for Attorneys' Fees and Costs and Administrative Expenses shall be filed no later than forty-five (45) calendar days prior to the deadline for objections.

17. No later than fourteen (14) calendar days prior to Fairness Hearing, Class Counsel shall file papers in support of Final Approval of the Settlement Agreement.

18. Pending final determination of whether the Settlement Agreement should be approved, no Settlement Class Member may directly, through Representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendants, the Released Parties, and/or the Plan.

19. The Court approves the CAFA Notice in the form attached as Exhibit D to the Settlement Agreement and orders that upon mailing of the CAFA Notice, Defendants shall have fulfilled their obligations under CAFA.

20. This Court retains jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement and the Settlement.

It is so ORDERED this _____ day of _______________, 2025.

____________________________________

Honorable Steven D. Grimberg
United States District Judge

# EXHIBIT C

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PHYLLIS MICHELE HOWELL, SIMON REISERT, and CAROLE SPEIGHT, on behalf of The North Highland Company Stock Ownership and 401(k) Plan, and on behalf of a class of all other persons similarly situated,<br><br>*Plaintiffs*,<br>v.<br><br>ARGENT TRUST COMPANY, NORTH HIGHLAND ESOP HOLDINGS, INC., THE NORTH HIGHLAND COMPANY, INC., THE NORTH HIGHLAND COMPANY LLC, THE NORTH HIGHLAND HOLDING CO., LLC, DAN REARDON, ALEX BOMBECK, BETH SCHIAVO, and LAUREN CHILDERS,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:22-cv-3959-SDG |

## [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

The above-entitled matter came before the Court on the Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Final Approval Motion"). Plaintiffs' Counsel also has submitted to the Court their Motion for an Order Awarding Attorneys' Fees and Costs and Expenses to Plaintiffs' Counsel ("Plaintiffs' Counsel Fees and Costs Motion"). After review of the Unopposed Motion for Final Approval of Settlement and the attachments thereto, the Court **GRANTS** the motions and **ORDERS** as follows:

1. The Court has jurisdiction over the subject matter of this Action and personal jurisdiction over all Parties to this Action, including all members of the Settlement Class.

2. The Court certifies, for Settlement purposes only, the following Settlement Class:

> All participants in The North Highland Company Employee Stock Ownership Plan (formerly known as The North Highland Company Employee Stock Ownership and 401(k) Plan), and the beneficiaries of such participants, who held vested shares in the Plan in North Highland ESOP Holdings, Inc. at any time between October 1, 2016 and May 30, 2025. Excluded from the Class are the individual Defendants and their immediate families, and the legal representatives, successors, and assigns of any such excluded persons.

The Court finds that this Settlement Class meets all of the requirements of Rule 23(a) and 23(b)(1).

3. Pursuant to Rules 23(e)(1)(A) and (C), the Court hereby approves of the Settlement of the Released Claims covered by this Settlement Agreement and finds the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plan and the Class Members.

4. The Court hereby orders that the Parties take all necessary steps to effectuate the terms of the Settlement Agreement.

5. The Court hereby finds that under Fed. R. Civ. P. 23(c)(2) the Settlement Notice constituted the best notice practicable under the circumstances and that due and sufficient notice of the Final Fairness Hearing and the rights of all Class Members has been provided.

6. In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, Simpluris, Settlement Notices were timely distributed by first-class mail to all Class Members who could be identified with reasonable effort. The Settlement Administrator searched for updated address information for those returned as undeliverable, and re-mailed notices to those Class Members. In total, % were ultimately returned as undeliverable. In addition, pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq*. ("CAFA"), notice was provided to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States.

7. The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

A. The Settlement resulted from arms-length negotiations between Class Counsel and counsel for the Defendants.

B. The settlement negotiations were conducted by experienced and competent counsel and were overseen by a neutral and experienced mediator;

C. The Settlement was negotiated only after Class Counsel received relevant documents from Defendants;

D. The Parties were well positioned to evaluate the value of the Class Action;

E. If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of protracted litigation;

F. The Class Settlement Amount provided for in the Settlement ($2,375,000.00) is fair, reasonable, and adequate. The Class Settlement Amount is within the range of reasonable settlements that would have been appropriate in this case, based on the nature of the claims, the potential recovery, the risks of litigation, and settlements that have been approved in other similar cases;

G. The Class Representatives have actively and independently participated in the Class Action;

H. The Class Representatives and Class Counsel have concluded that the Settlement Agreement is fair, reasonable and adequate;

I. Class Members had the opportunity to be heard on all issues regarding the Settlement and release of claims by submitting objections to the Settlement Agreement to the Court; and

J. There were INSERT objections to the Settlement. INSERT of those objections

were timely. The Court has considered all of them, and they do not affect the Court's determination that the Settlement is fair, reasonable, and adequate. Accordingly, the Court overrules them with prejudice.

8. The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable and adequate to the Plan and the Settlement Class.

9. Plaintiffs and Class Counsel have moved for an award of attorneys' fees in the amount of $INSERT and costs and expenses of $INSERT, which together shall not total more than INSERT% of the Class Settlement Amount. The Court has considered this application for fees and expenses separately and independently from this Judgment and the Court's approval of the Settlement. The Court finds that an award of $INSERT in attorneys' fees and $INSERT in costs and expenses, which together do not total more than INSERT% of the Class Settlement Amount, is fair and reasonable, and the Court approves of Class Counsel attorneys' fees, costs and expenses in these amounts to be paid from the Class Settlement Amount.

10. This Action and all Released Claims, whether asserted by the Class Representatives on their own behalf or on behalf of the Class Members or on behalf of the Plan, are hereby dismissed with prejudice without costs to any of the Parties other than as provided for in the Settlement Agreement.

11. The Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be: (a) conclusively deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims and (b) barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

12. Each Class Member shall release the Released Parties and Class Counsel for any claims, liabilities, and attorneys' fees and costs arising from the allocation of the Class Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and costs.

13. The release provisions of Article 3 of the Settlement Agreement shall apply even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Members receive a monetary benefit from the Settlement, whether or not such Class Members actually received the Settlement Notice, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs and Administrative Expenses, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

14. The Court finds that all applicable CAFA requirements have been satisfied.

15. The Plan of Allocation is approved. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation. The Settlement Administrator is further authorized to make such distributions from the Qualified Settlement Fund as necessary to implement the Plan of Allocation.

16. Within thirty (30) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each Person who received a settlement payment from the Qualified Settlement Fund and the amount of such payment.

17. Upon the Effective Date of this Order under the Settlement Agreement all Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by this Final Approval Order.

18. The Court shall retain jurisdiction to enforce and interpret the Settlement Agreement.

It is so ORDERED this _____ day of ___________________, 2025.

______________________________
Honorable Steven D. Grimberg
United States District Judge

# EXHIBIT D

[DATE]

**VIA FEDERAL EXPRESS/USPS PRIORITY MAIL**

To: Federal and State Officials Under 28 U.S.C. § 1715(b)
(See Distribution List Attached)

Re: CAFA Notification of the Proposed Settlement in *Howell, et al. v. Argent Trust Co., et al.*, Case No. 1:22-cv-03959-SDG (N.D. Ga. filed Sept. 30, 2022)

This notification is being sent to you on behalf of all Defendants in the above-captioned matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b), to inform you of a proposed class action settlement between Plaintiffs and Defendants.

**Court:** United States District Court for the Norther District of Georgia

**Case Caption:** *Howell, et al. v. Argent Trust Co., et al.*, Case No. 1:22-cv-03959-SDG (N.D. Ga. filed Sept. 30, 2022)

**Defendants:** Argent Trust Company, North Highland ESOP Holdings, Inc., The North Highland Company, Inc., The North Highland Company LLC, The North Highland Holding Co., LLC, Dan Reardon, Alex Bombeck, Beth Schiavo, and Lauren Childers

**Documents Enclosed:**

The following documents include those required by 28 U.S.C. § 1715(b)(1), (3), and (4), which are enclosed with this letter:

- Complaint, filed September 30, 2022 (Dkt. No. 1)
- Amended Complaint, filed September 27, 2023 (Dkt. No. 61)
- Class Action Settlement Agreement, filed [DATE] [DKT No.]
- Proposed Order Granting Motion for Preliminary Approval of Settlement and Proposed Notice of Settlement, filed [DATE] [DKT No.]
- Notice of Proposed Class Action Settlement, filed [DATE] [DKT No.]
- Plan of Allocation, filed [DATE] [DKT No.]
- Proposed Final Order and Judgment, filed [DATE] [Dkt. No.]

**Additional Information:**

As required by 28 U.S.C. § 1715(b)(2), we inform you that the Court has not scheduled a hearing on Plaintiffs' motion for preliminary approval of the settlement, a fairness hearing, or any other motions hearing related to the settlement of this action.

As required by 28 U.S.C. § 1715(b)(3)(ii), we inform you that Settlement Class members do not have a right to request exclusion from the class action pursuant to the terms of the Settlement Agreement.

As required by 28 U.S.C. § 1715(b)(5), we inform you that Class Counsel and Counsel to Defendants have made no settlement or other agreement contemporaneously with the Class Action Settlement Agreement.

As required by 28 U.S.C. § 1715(b)(6), we inform you that no final judgment or notice of dismissal has been entered.

As required by 28 U.S.C. § 1715(b)(7)(B), we inform you that, based on information currently available to Defendants, we estimate that there are approximately [NUMBER] members of the Settlement Class. It is not feasible at this time to provide the names of class members residing in each state, a reasonable estimate of the number of class members residing in each state, or the estimated proportionate share of the claims of the class members residing in each state to the entire settlement. However, please be advised that, upon final approval by the Court, the settlement proceeds will be distributed among the Settlement Class Members according to the methodology and formulas set forth in the Plan of Allocation.

As required by 28 U.S.C. § 1715(b)(8), we inform you that to date, the Court has not issued a written judicial opinion related to the Class Action Settlement between Plaintiffs and Defendants.

Further information regarding this matter, including any future scheduled judicial hearings, may be obtained by visiting the "PACER" online docket for the above-referenced case at https://ecf.gand.uscourts.gov/cgi-bin/ShowIndex.pl.

If you have questions about this notice, the litigation, or the enclosed materials, please contact the following counsel for Defendants:

Lars C. Golumbic
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave., NW
Washington, D.C. 20006
Telephone: (202) 861-6615
lgolumbic@groom.com

*Counsel to Defendants North Highland ESOP Holdings, Inc., the North Highland Company, Inc., the North Highland*

*Company LLC, the North Highland Holding Co., LLC, Dan Reardon, Alex Bomback, Beth Schiavo, and Lauren Childers*

Gregory F. Jacob
Deanna M. Rice
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
gjacob@omm.com
derice@omm.com

*Counsel to Defendant Argent Trust Company*

Regards,

DRAFT

Lars C. Golumbic

Enclosures

| DISTRIBUTION LIST | |
|---|---|
| Attorney General of the United States<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 | Attorney General of Alaska<br>1031 West 4th Avenue, Suite 200<br>Anchorage, AK 99501-1994 |
| Attorney General of Alabama<br>501 Washington Avenue<br>Montgomery, AL 36104 | Attorney General of Arkansas<br>323 Center Street, Suite 200<br>Little Rock, AR 72201-2610 |
| Attorney General of Arizona<br>2005 N. Central Ave.<br>Phoenix, AZ 85004-2926 | CAFA Coordinator<br>Office of the Attorney General<br>Consumer Protection Section<br>455 Golden Gate Ave., Suite 11000<br>San Francisco, CA 94102 |
| Attorney General of Colorado<br>Ralph L. Carr Colorado Judicial Center<br>1300 Broadway, 10th Floor<br>Denver, CO 80203 | Attorney General of Connecticut<br>165 Capitol Avenue<br>Hartford, CT 06106 |
| Attorney General of Delaware<br>Delaware Department of Justice<br>820 N. French Street<br>Wilmington, DE 19801 | Attorney General<br>of the District of Columbia<br>400 6th Street, NW<br>Washington, D.C. 20001 |
| Attorney General of Florida<br>PL-01 The Capitol<br>Tallahassee, FL 32399-1050 | Attorney General of Georgia<br>40 Capitol Square, SW<br>Atlanta, GA 30334-1300 |
| Attorney General of Hawaii<br>425 Queen Street<br>Honolulu, HI 96813 | Attorney General of Iowa<br>Hoover State Office Building<br>1305 E. Walnut Street<br>Des Moines, IA 50319 |
| Attorney General of Idaho<br>700 W. Jefferson Street, Suite 210<br>Boise, ID 83720-1000 | Attorney General of Illinois<br>James R. Thompson Center<br>100 W. Randolph Street<br>Chicago, IL 60601 |
| Attorney General of Indiana<br>Indiana Government Center South – 5th Floor | Attorney General of Kansas<br>120 S.W. 10th Ave., 2nd Fl. |

| | |
|---|---|
| 302 West Washington Street<br>Indianapolis, IN 46204 | Topeka, KS 66612-1597 |
| Attorney General of Kentucky<br>Capitol Building, Suite 118<br>700 Capital Avenue<br>Frankfort, KY 40601 | Attorney General of Louisiana<br>P.O. Box 94005<br>Baton Rouge, LA 70804 |
| Attorney General of Massachusetts<br>ATTN: CAFA Coordinator/<br>General Counsel's Office<br>1 Ashburton Place, 20th Floor<br>Boston, MA 02108 | Attorney General of Maryland<br>200 St. Paul Place<br>Baltimore, MD 21202-2202 |
| Attorney General of Maine<br>State House Station 6<br>Augusta, ME 04333 | Attorney General of Michigan<br>525 W. Ottawa Street, P.O. Box 30212<br>Lansing, MI 48909 |
| Attorney General of Minnesota<br>445 Minnesota Street, Suite 1400<br>St. Paul, MN 55101 | Attorney General of Missouri<br>207 West High Street, P.O. Box 899<br>Jefferson City, MO 65102 |
| Attorney General of Mississippi<br>P.O. Box 220<br>Jackson, MS 39205 | Attorney General of Montana<br>215 N. Sanders<br>Helena, MT 59620-1401 |
| Attorney General of North Carolina<br>9001 Mail Service Center<br>Raleigh, NC 27699-9001 | Attorney General of Nebraska<br>2115 State Capitol, P.O. Box 98920<br>Lincoln, NE 68509 |
| Attorney General of Nevada<br>555 E. Washington Ave., Suite 3900<br>Las Vegas, NV 89101<br>(Sent to NVAGCAFAnotices@ag.nv.gov) | Attorney General of New Hampshire<br>33 Capitol Street<br>Concord, NH 03301 |
| Attorney General of New Jersey | Attorney General of New Mexico |

| | |
|---|---|
| RJ Hughes Justice Complex<br>25 Market Street, P.O. Box 080<br>Trenton, NJ 08625-0080 | 408 Galisteo Street<br>Santa Fe, NM 87501 |
| Attorney General of New York<br>CAFA Coordinator<br>28 Liberty Street, 15th Floor<br>New York, NY 10005 | Attorney General of North Dakota<br>600 E. Boulevard Ave., Dept. 125<br>Bismarck, ND 5805-0040 |
| Attorney General of Ohio<br>30 E. Broad Street, 14th Floor<br>Columbus, OH 43266 | Attorney General of Oklahoma<br>313 NE 21st Street<br>Oklahoma City, OK 73105 |
| Attorney General of Oregon<br>1162 Court Street, NE<br>Salem, OR 97301 | Attorney General of Pennsylvania<br>Strawberry Square, 16th Floor<br>Harrisburg, PA 17120 |
| Attorney General of Puerto Rico<br>Apartado 9020192<br>San Juan, PR 00902-0192 | Attorney General of Rhode Island<br>150 S. Main St.<br>Providence, RI 02903 |
| Attorney General of South Carolina<br>P.O. Box 11549<br>Columbia, SC 29211 | Attorney General of South Dakota<br>1302 East Highway 14, Suite 1<br>Pierre, SD 57501-8501 |
| Attorney General of Tennessee<br>P.O. Box 20207<br>Nashville, TN 37202-0207 | Attorney General of Texas<br>P.O. Box 12548<br>Austin, TX 78711-2548 |
| Attorney General of Utah<br>P.O. Box 142320<br>Salt Lake City, UT 84114-2320 | Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA 23219 |
| Attorney General of Vermont<br>109 State Street | Attorney General of Washington<br>1125 Washington St. SE |

| | |
|---|---|
| Montpelier, VT 05609-1001 | P.O. Box 40100<br>Olympia, WA 98504-0100 |
| Attorney General of Wisconsin<br>State Capitol, Room 114 East<br>P.O. Box 7857<br>Madison, WI 53707-7857 | Attorney General of West Virginia<br>State Capitol Complex, Bldg. 1, Room E-26<br>1900 Kanawha Blvd., East<br>Charleston, WV 25305 |
| Attorney General of Wyoming<br>109 State Capitol<br>Cheyenne, WY 82002 | |

# EXHIBIT E

## PLAN OF ALLOCATION

1. Unless defined in this Plan of Allocation, all capitalized terms will have the meanings set forth in Article 1 of the Settlement Agreement relating to the above-captioned case.

2. The Settlement Administrator shall obtain from Defendants the number of ESOP Shares held by each Plan account for each Settlement Class Member as of the last day of each year from 2016 to 2021. In addition, Defendants will provide the Plan account value for each Settlement Class Member as of June 30, 2025. Defendants will identify in the lists, or exclude from the lists, persons excluded from the Settlement Class approved in the Court's Preliminary Approval Order.

3. The Settlement Administrator shall obtain, in writing, an agreement with Class Counsel and the Settlement Administrator on the net settlement proceeds, determined by the value of the Settlement Fund after all contributions from Defendants (and interest earned) and after deductions for payment of fees, expenses, costs, and awards, and an agreed-upon additional amount for anticipated and unanticipated future settlement expenses ("Net Settlement Amount").

4. The Allocation of payments shall be in proportion to each Settlement Class Member's average year-ending number of shares over the period 2016–2021. Thus, for any year during that period in which a Settlement Class Member did not hold any ESOP Shares, the Settlement Class Member will receive a value of 0 for that period when calculating the Settlement Class Member's average year-ending shares.

5. The Net Settlement Amount will be allocated as follows:

First: Calculate each Settlement Class Member's proportion of the total year-ending shares of all Settlement Class Members;

Second: allocate to each Settlement Class Member a share of the Net Settlement Amount in proportion to that participant's proportion, where the numerator is the Settlement Class Member's proportion and the denominator is the Net Settlement Amount.

6. The award calculated as set forth in Section 5 shall be known as a "Settlement Class Member's Entitlement Amount."

7. Settlement Class Members who are entitled to a distribution of less than $10.00 (combining all Plan accounts if they hold multiple accounts) will receive a distribution of $10. Settlement Class Members' awards falling below $10.00 will be increased to $10 from the Net Settlement Amount and the Net Settlement Amount will be re-allocated until the lowest participating Settlement Class Member's award is $10.00. This modified award shall be known as a "Settlement Class Member's Modified Entitlement Amount."

8. Active Participants, as defined in the Settlement Agreement, will receive their distribution automatically into their Plan account, provided their Plan account remains open with a positive balance at the time of distribution. Former Participants will receive their distribution in the form of a check made to them, unless they affirmatively opt to have their distribution directly rolled over into another tax-qualified account. Active Participants who no longer have Plan accounts at the time of distribution will receive their distribution in the form of a check made to them, unless they affirmatively contact the Settlement Administrator and arrange for a direct rollover into another tax-qualified account. Checks will expire one-hundred twenty (120) days after issuance, after which the checks shall be void and the Settlement Administrator shall be instructed to return any such funds to the Settlement Fund. The Settlement Administrator shall make all necessary withholdings and reportings, consistent with federal and state tax law and the right of Settlement Class Members to roll their distribution into a qualified retirement account.

The check expiration date shall be printed on the face of each check. These payments to Settlement Class Members shall be called the "Initial Distribution."

9. Notwithstanding these requirements, the Settlement Administrator shall have the authority to reissue checks to Settlement Class Members where it determines there is good cause to do so, provided that doing so will not compromise the Settlement Administrator's ability to implement the Plan of Allocation. Reissued checks shall expire in ninety (90) days. The voidance of checks shall have no effect on the Settlement Class Members' release of claims, obligations, representations, or warranties as provided herein, which shall remain in full effect.

10. As soon as practicable following the voidance of all outstanding checks from the Initial Distribution, all remaining assets, following the payment of all outstanding costs, shall be distributed in a *cy pres* payment as determined by Class Counsel with consent of Defense Counsel.

11. The Settlement Administrator shall utilize the calculations required to be performed herein for making the required distributions of the Settlement Class Member's Entitlement Amount, less any required tax withholdings or penalties, to each Settlement Class Member and do so in a manner that accommodates, where possible, Settlement Class Members wishing to deposit their payments in qualified retirement accounts. In the event that the Settlement Administrator determines that the Plan of Allocation would otherwise require payments exceeding the Net Settlement Amount, the Settlement Administrator is authorized to make such changes as are necessary to the Plan of Allocation such that said totals do not exceed the Net Settlement Amount. The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

12. If the Settlement Administrator concludes that it is impracticable to implement any provision of the Plan of Allocation, it shall be authorized to make such changes to the methodology as are necessary to implement as closely as possible the terms of the Settlement Agreement, so long as the total amount of all un-voided checks to be written by the Settlement Administrator does not — without written agreement of North Highland and Class Counsel — exceed the Net Settlement Amount.

In no case shall such funds be paid to or for the benefit of any Defendant, or Class Counsel.