**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **PHYLLIS MICHELE HOWELL, SIMON REISERT, and CAROLE SPEIGHT, on behalf of The North Highland Company Stock Ownership and 401(k) Plan, and on behalf of a class of all other persons similarly situated,**<br><br>***Plaintiffs*,**<br><br>**v.**<br><br>**ARGENT TRUST COMPANY, NORTH HIGHLAND ESOP HOLDINGS, INC., THE NORTH HIGHLAND COMPANY, INC., THE NORTH HIGHLAND COMPANY LLC, THE NORTH HIGHLAND HOLDING CO., LLC, DAN REARDON, ALEX BOMBECK, BETH SCHIAVO, and LAUREN CHILDERS,**<br><br>***Defendants*.** | **Civil Action No. 1:22-cv-3959-SDG** |

**DECLARATION OF MARK G. BOYKO**

I, Mark G. Boyko, declare as follows:

1. I am a member in good standing of the Bar of the states of New York, Missouri, and Illinois. I am admitted to practice before this Court pro hac vice, and

am a partner at Bailey & Glasser, LLP (Bailey & Glasser), which is counsel for Plaintiffs in this matter.

2. All the facts stated herein are true and correct within my personal knowledge, and if called as a witness, I could and would testify competently to the facts stated herein.

3. I am more than 18 years of age, am capable of making this declaration, and have personal knowledge of the following.

4. I make this declaration in support of Plaintiffs' Unopposed Motion FOR Preliminary Approval of Class Settlement and Certification of a Settlement Class and Memorandum in Support.

5. I have been actively involved in this lawsuit from the beginning of the investigation to the present.

6. Bailey & Glasser attorneys have been actively involved in all stages of this lawsuit, including but not limited to investigating and preparing the Complaint and the administrative appeal, meeting and conferring with defense counsel, reviewing documents produced as part of the administrative appeal, defending against Defendants' motion to compel arbitration and to dismiss (Doc. Nos. 65), participating in a mediation process, and representing Plaintiffs in all necessary respects.

7. Plaintiffs' Counsel interviewed their clients, research and reviewed the

case and North Highland's public statements, obtained and reviewed documents through the administrative process.

8. Plaintiffs and Defendants held a mediation with a JAMS mediator, Stephen Lucke, on March 27, 2025. In advance of the mediation, Plaintiffs and Defendants submitted statements laying out their positions on the case. During the mediation attendees vigorously engaged in the mediation process, leading to agreement on a term sheet and, ultimately, to the August 8, 2025 Settlement Agreement.

9. I have worked closely with my partner and practice group leader, Gregory Porter, on this litigation. Mr. Porter has been working on ERISA class actions since 1998 and I have been working on ERISA class actions since 2007. He and I have served together as lead or co-lead counsel for plaintiffs in many important ERISA cases, including *Intel v. Sulyma*. 140 S. Ct. 768 (2020) (ongoing case regarding the prudence and diversification of certain options in a 401(k) plan), *Bekker v. Neuberger Berman Plan Inv. Comm.*, No. 16-6123 (S.D.N.Y) ($17 million settlement in class action concerning the prudence of one fund in a 401(k) plan), *Cryer v. Franklin Resources, Inc.*, No. 16-4265 (N.D. Cal.) ($26.9 million settlement in class action concerning the prudence and loyalty of offering proprietary investments in a 401(k) plan), *Leber v. Citigroup 401(k) Plan Inv. Comm.*, No. 07-9329 (S.D.N.Y.) (class settlement concerning prudence and fees of certain plan

investment options), *Schultz v. Edward D. Jones & Co., L.P.*, No. 16-cv-1346 (E.D. Mo) (same); *Stegemann v. Gannet Co., Inc*, 970 F.3d 465 (4th Cir. 2020) (case challenging fiduciary decisions to continue offering legacy stock from a parent company after a spin-off).

10. The Bailey Glasser ERISA Practice Group and Mr. Porter have been recognized by Chambers and Partners as being in the top "Band 1" and/or second "Band 2" national ratings for ERISA Litigation: Mainly Plaintiffs. Only seven firms in the country have achieved that distinction. Chambers rankings are based on factors including technical legal ability, professional conduct, client service, diligence and commitment.

11. We have direct experience in lawsuits under ERISA involving complex financial products and services, and fiduciary decision making. With specific respect to lawsuits under ERISA challenging Employee Stock Ownership Plan (ESOP) transactions, our experience in just the last ten years includes: *Godfrey v. GreatBanc Trust Co.*, 18-cv-7918 (N.D. Ill.), *Johns v. Morris*, No. 5:23-324 (E.D.N.C.) (ESOP case concerning valuation and executive compensation), *Brundle v. Wilmington Trust N.A.*, 241 F. Supp. 3d 610 (E.D. Va. 2017); *Allen v. GreatBanc Trust Co.*, 835 F.3d 670 (7th Cir. 2016); *Jessop v. Larsen*, No. 14-cv-916 (D. Utah); *Swain v. Wilmington Trust, N.A.*, No. 17-071-RGA-MPT (D. Del.); *Casey v. Reliance Trust Co.*, 18-cv-424 (E.D. Tex.); *Choate v. Wilmington Trust, N.A.*, 17-250 (D. Del.);

*Blackwell v. Bankers Trust Co. of South Dakota*, No. 18-141 (S.D. Miss.); *Fink v. Wilmington Trust, N.A.*, No. 19-1193 (D. Del.); and *Nistra v. Reliance Trust Co.*, No. 16-4773 (N.D. Ill.). In December of 2016, Mr. Porter led a team of lawyers in an ERISA case that resulted in a $30 million judgment. *Brundle*, 241 F. Supp. 3d 610. The Fourth Circuit affirmed the judgment in all respects. *See Brundle v. Wilmington Trust, N.A.*, 919 F.3d 763 (4th Cir. 2019).

12. Plaintiffs' Counsel believes that the Settlement between the parties is fair and reasonable and in the best interests of the Participants and Settlement Class. Plaintiffs' Counsel's reasons for this belief are set forth in the Unopposed Motion for Preliminary Approval.

13. Plaintiffs have been actively involved and engaged in the litigation. Plaintiffs provided documents to my office which we used to draft the pleadings. Plaintiffs regularly conferred with counsel on the progress of the case, including settlement. I am not aware of any conflicts of interests between them and the proposed Class.

14. Attached hereto are the following exhibits: Exhibit A is the Proposed Settlement Agreement and exhibits thereto: the Class Settlement Notice (A), the proposed Order Granting Preliminary Approval (B), the proposed Order Granting Final Approval (C), the CAFA Notice (D), and the Plan of Allocation (E). Exhibit B to this Declaration is the Plan's 2020 Form 5500 filed with the U.S. Department of

Labor, showing that on December 31, 2020 the Plan had 1566 participants with account balances.

15. Plaintiffs calculated that the maximum damages from the dilution of the ESOP's equity interest and the 2021 Redemption Transaction was $38.0 million.

I declare, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed at Webster Groves, Missouri this 7th day of October 2025.

*/s/ Mark G. Boyko*
MARK G. BOYKO