**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| PHYLLIS MICHELE HOWELL *on behalf of The North Highland Company Employee Stock Ownership and 401(k) Plan, and on behalf of a class of all other persons similarly situated*, *et al.*, <br>     Plaintiffs, <br><br>         v. <br><br> ARGENT TRUST COMPANY, *et al.*, <br>     Defendants. | Civil Action No. <br> 1:22-cv-03959-SDG |

**<u>OPINION AND ORDER</u>**

This matter is before the Court on a limited remand from the Eleventh Circuit Court of Appeals [ECF 100] so that this Court—consistent with its February 2, 2026 Order giving an indicative ruling under Fed. R. Civ. P. 62.1 [ECF 98]—may enter an order granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement and Certification of a Settlement Class [ECF 97].

On September 30, 2022, Plaintiffs initiated this putative class action concerning The North Highland Company Employee Stock Ownership Plan (formerly known as The North Highland Company Employee Stock Ownership and 401(k) Plan) (the Plan). They asserted various causes of action under ERISA on behalf of the Plan and of a putative class of Plan participants and their beneficiaries.[1] On September 30, 2024, the Court entered an order granting in part

---

[1]    ECF 1.

1

and denying in part Defendants' motion to dismiss and to compel arbitration.[2] The Court held that certain of Plaintiffs' claims were time barred but that Defendants could not compel arbitration of the remaining claims.[3] Defendants appealed.[4] The appeal was held in abeyance pending issuance of the mandate in a separate case that raised similar questions about the arbitrability of certain types of ERISA claims.[5]

While the appeal in this case was being held in abeyance, the parties jointly moved the Court of Appeals for a continued stay and limited remand because they had reached a proposed class-wide settlement that would require approval by this Court to effectuate.[6] The Court of Appeals denied the motion without prejudice and instead directed the parties to seek an indicative ruling from this Court on the proposed settlement.[7] The parties did so,[8] and the Court indicated that it would grant the motion for preliminary approval because the proposed settlement is fair, reasonable, and adequate, as required by Fed. R. Civ. P. 23(e)(2).

---

[2]    ECF 90.

[3]    *Id.*

[4]    ECF 91.

[5]    *Howell v. Argent Trust Co.*, Case No. 24-13634, Dkts. 19, 23 (11th Cir.) (referring to *Williams v. Shapiro*, No. 24-11192 (11th Cir.)).

[6]    *Id.*, Dkt. 24.

[7]    *Id.*, Dkt. 25.

[8]    ECF 96.

Plaintiffs now move, pursuant to Fed. R. Civ. P. 23, for an order (1) preliminarily approving the settlement of this Action and (2) certifying a settlement class, in accordance with the parties' August 8, 2025 Settlement Agreement. The Settlement Agreement (including its exhibits) sets forth the terms and conditions for a proposed settlement of this Action. The Court, having considered the Settlement Agreement, the motion for preliminary approval, and the supporting exhibits, **ORDERS** as follows:

1.      Plaintiffs Phyllis Michele Howell, Simon Reisert, and Carole Speight, on behalf of themselves and all members of the Settlement Class, and Defendants have negotiated a potential settlement to this Action to avoid the expense, uncertainty, and burden of protracted litigation, and to resolve the Released Claims against Defendants and the other Released Parties.

2.      Unless otherwise indicated, this Preliminary Approval Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

3.      This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Class Members. Venue in this Court is proper.

4.      The Court finds, on a preliminary basis, that: (1) the proposed Settlement is fair, reasonable, and adequate, and within the range of possible approval; (2) the proposed Settlement has been negotiated in good-faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case and facilitated by an experienced mediator following production of relevant documents by Defendants; (3) the form and method of notice of the proposed Settlement and the Final Fairness Hearing are appropriate; and (4) the proposed Settlement meets all applicable requirements of law, including Fed. R. Civ. P. 23 and applicable Eleventh Circuit precedent. Accordingly, the Court preliminarily approves the Settlement Agreement in its entirety.

5.      Pursuant to Fed. R. Civ. P. 23(b)(1), the Court certifies the following Settlement Class:

> All participants in The North Highland Company Employee Stock Ownership Plan (formerly known as The North Highland Company Employee Stock Ownership and 401(k) Plan), and the beneficiaries of such participants, who held vested shares in the Plan in North Highland ESOP Holdings, Inc. at any time between October 1, 2016 and May 30, 2025. Excluded from the Class are the individual Defendants and their immediate families, and the legal representatives, successors, and assigns of any such excluded persons.

6.      Named Plaintiffs Phyllis Michele Howell, Simon Reisert, and Carole Speight are appointed as the Class Representatives, and Bailey & Glasser LLP is appointed as Class Counsel for the Settlement Class.

7.  The Court finds the Plan of Allocation proposed by Class Counsel is fair, reasonable, and adequate as it proposes to compensate each class member based on the number of shares held in North Highland ESOP Holdings, Inc. (the ESOP) over the Class Period, which is a fair proxy for the harm alleged, which was based on the number of shares held in the ESOP when shares were diluted starting with the 2016 Recapitalization until the 2021 Redemption Transaction.

8.  The Court finds that, under Fed. R. Civ. P. 23(c)(2), the proposed Notice of Settlement (Exhibit A to the Settlement Agreement) constitutes reasonable and appropriate notice under the circumstances, provides due and sufficient notice of the Final Fairness Hearing and of the rights of all Settlement Class Members, and complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law. Specifically, the Court finds that the proposed Notice of Settlement fairly and adequately provides information to the Settlement Class regarding, among other things: (1) the nature of the claims asserted in the Action; (2) the scope of the Settlement Class; (3) the terms of the Settlement Agreement; (4) the process for submitting a Rollover Form, if permitted; (5) Settlement Class Members' right to object to the Settlement and the deadline for doing so; (6) the claims being released by the Settlement Class; (7) the identity of Class Counsel and the amount of compensation they will seek in connection with the Settlement; (8) the date, time, and location of the Fairness

Hearing; and (9) Settlement Class Members' right to appear at the Fairness Hearing.

9.      Pursuant to the Settlement Agreement, Simpluris is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Preliminary Approval Order. Class Counsel are responsible for the oversight and monitoring of the Settlement Administrator and authorizing any administrative fees paid by the Settlement Fund consistent with the Settlement Agreement and the Court's orders. The Court approves the establishment of the Qualified Settlement Fund. Simpluris shall be the administrator of the Qualified Settlement Fund and shall be responsible for all tax withholding and reporting related to the Qualified Settlement Fund, including determining whether tax-qualified rollover distributions may be offered to the Settlement Class Members.

10.     No later than 30 calendar days after the entry of this Preliminary Approval Order, the Settlement Administrator shall send by first-class mail the Settlement Notice (in substantially the same form as is attached as Exhibit A to the Settlement Agreement) to each Settlement Class Member identified by the Settlement Administrator based on the data available from the Plan's Recordkeeper, provided by Settlement Class Members, or otherwise obtained through reasonable efforts. The Settlement Administrator shall use commercially

reasonable efforts to locate Settlement Class Members' last known addresses for any who have moved since the last distribution to them from the Plan.

11.    In accordance with the Settlement Agreement, the Settlement Administrator also shall establish a settlement website and toll-free telephone line relating to the Settlement no later than 30 calendar days following the entry of this Preliminary Approval Order.

12.    **On November 5, 2026, at 2:00 pm EST**, or at such other date and time later set by Court order, before the Honorable Steven D. Grimberg, in Courtroom 1706, Richard B. Russell Federal Building, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303, this Court will hold a Final Fairness Hearing to determine whether: (a) the Court should approve the Settlement as fair, reasonable, and adequate; (b) the Court should enter the Final Approval Order; and (c) the Court should approve the application for Attorneys' Fees and Costs and Administrative Expenses. Counsel for the parties who intend to participate in the Final Fairness Hearing are **DIRECTED** to appear in person, however, all other counsel, the parties, and all other interested persons may appear in person or via Zoom at: https://ganduscourts.zoomgov.com/j/1654257207 Meeting ID: 165 425 7207 Passcode: 672684.

13.    Any Settlement Class Member may comment in support of or in opposition to the Settlement Agreement. Any objections to any aspect of the

Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Final Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel. To be filed validly, the objection and any notice of intent to participate or supporting documents must be filed or postmarked at least 30 calendar days prior to the scheduled Final Fairness Hearing. The comment and/or objection also must: (1) clearly identify the case name and number of this Action; (2) include the Settlement Class Member's full name, current address, and telephone number; (3) describe the position the Settlement Class Member wishes to assert, including the factual and legal grounds for the position; (4) provide copies of all documents that the Settlement Class Member wishes to submit in support of his or her position; (5) provide the name(s), address(es), and phone number(s) of any attorney(s) representing the Settlement Class Member; and (6) include the Settlement Class Member's signature. Any Person wishing to speak at the Final Fairness Hearing shall file, with copies provided to Class Counsel and Defense Counsel, a notice of intent to participate 14 calendar days before the Final Fairness Hearing. A notice of intent to participate shall be timely filed if it is post-marked to the Clerk of the Court, Class Counsel, and Defense Counsel at least 14 calendar days before the Final Fairness Hearing.

14.    Any party may file a response to an objection by a Class Member at least 7 calendar days before the Final Fairness Hearing.

15.    Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived such Settlement Class Member's objections and shall forever be barred from making any such objections in this Action or in any other action or proceeding.

16.    Any application for Attorneys' Fees and Costs and Administrative Expenses shall be filed no later than 45 calendar days prior to the deadline for objections.

17.    No later than 14 calendar days prior to Fairness Hearing, Class Counsel shall file papers in support of Final Approval of the Settlement Agreement.

18.    Pending final determination of whether the Settlement Agreement should be approved, no Settlement Class Member may directly, through Representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendants, the Released Parties, or the Plan.

19.    The Court approves the CAFA Notice in the form attached as Exhibit D to the Settlement Agreement and orders that, upon mailing of the CAFA Notice, Defendants shall have fulfilled their obligations under CAFA.

20.     This Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement Agreement and the Settlement.

Accordingly, the Court **GRANTS** Plaintiffs' motion for preliminary approval [ECF 97]. The Clerk is **DIRECTED** to re-open this case.

**SO ORDERED** this 29th day of June, 2026.

_____
Steven D. Grimberg
United States District Judge

10