# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| **PHYLLIS MICHELE HOWELL, SIMON REISERT, and CAROLE SPEIGHT, on behalf of The North Highland Company Employee Stock Ownership and 401(k) Plan, and on behalf of a class of all other persons similarly situated,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**ARGENT TRUST COMPANY, NORTH HIGHLAND ESOP HOLDINGS, INC., NORTH HIGHLAND COMPANY, INC., THE NORTH HIGHLAND HOLDING CO., LLC, DAN REARDON, ALEX BOMBECK, BETH SCHIAVO, and LAUREN CHILDERS,**<br><br>**Defendants.** | **Civil Action No. 1:22-cv-3959-SDG** |

**DECLARATION OF MARY BUTLER**

I, Mary Butler, declare as follows:

1. I am a Project Manager for Simpluris Inc. ("Simpluris"). Simpluris is the independent third-party Settlement Administrator appointed by the Court to

handle the settlement administration activities in the above-referenced matter, including, but not limited to, assisting in the development and administration of the notice plan, as set forth in detail in this declaration, and administering the claims process set forth in detail in the Settlement Agreement. This Declaration is based upon my personal knowledge and upon information provided to me by Class Counsel, Defendants' Counsel, my associates, and Simpluris staff members.

2. I am over twenty-one years of age, and I am authorized to make this declaration on behalf of Simpluris and myself. I have been actively involved and responsible for handling the administration of the settlement in the above-referenced matter.

3. Simpluris is a Class Action Settlement Administration company located in Costa Mesa, California. It was founded by individuals who have each managed hundreds of settlements, along with professionals in the areas of Software Development, Third-Party Claims Administration, Mail-House Operations, and Call Center Support Management.

4. Simpluris was selected by Counsel for Plaintiffs Phyllis Michele Howell, Simon Reisert, and Carole Speight ("Plaintiffs") to provide settlement administration services in the *Howell, et al. v. Argent Trust Company, et al.* matter (the "Settlement"). In this capacity, Simpluris is charged with (a) printing and mailing the Class Notice to Class Members; (b) establishing and maintaining a

Settlement Website and phone line; (c) establishing and maintaining Qualified Settlement Fund Account; (d) processing and mailing payments to the Plaintiffs, Class Counsel, and Class Members; and (e) other tasks as directed by Plaintiffs' Counsel or the Court orders Simpluris to perform.

## NOTIFICATION TO THE CLASS

5. On August 31, 2026, Simpluris caused to be mailed by First Class U.S. Mail 3,543 Notices of Proposed Class Action Settlement to Settlement Class Members and posted the Class Notice on the website established for case documents. Attached hereto as Exhibit A is a true and correct copy of the Class Notice.

6. As of October 22, 2026, 244 Class Notices have been returned by USPS. For the mailings returned with or without a forwarding address, Simpluris performed extensive skip-trace procedures and was able to locate updated addresses for 229 Class Members. Of the 244 returned Class Notices, 229 were re-mailed to either a newfound address or with forwarding addresses provided by USPS. Only 15 Class Notices are currently undeliverable.

## WEBSITE, EMAIL ADDRESS, AND TOLL-FREE TELEPHONE HELPINE

7. Simpluris prepared and maintains a Settlement website, www.nhesopsettlement.com, that includes important dates and deadlines, and Settlement-related documents, such as the Class Notice, Settlement Agreement, Plaintiffs' Preliminary Approval Motion, and Plaintiffs' Motion for Attorneys' Fees

and Reimbursement of Expenses. The website address was printed on all Class notices. The "Homepage" contains a summary of the Settlement and advises the Settlement Class Members of their rights under the Settlement. A copy of the Homepage is attached hereto as Exhibit B. An online Rollover Election Form module is also included on the website. A copy of the Rollover Election Form is attached hereto as Exhibit C. The website address was printed on all Class notices and was made available on August 31, 2026.

8. Simpluris also made available and hosted a toll-free telephone number for Settlement Class Members to make inquiries regarding the Settlement.

**OBJECTIONS**

9. The Settlement Class has been notified of the maximum amount of fees that could be requested and had the opportunity to object to the fee application. The deadline for Settlement Class Members to submit an objection to the proposed Settlement was October 6, 2026.

10. As of the date of this Declaration, Simpluris is not aware of any objections other than the one submitted by Chad E. Carmichael.

**ADMINISTRATION COSTS**

11. Simpluris' total costs for services in connection with the administration of this Settlement, including fees incurred and anticipated future costs for completion of the administration, are $38,430.00. Simpluris' work in connection

with this matter will continue with processing Rollover Forms, calculations of settlement checks, issuance and mailing of those settlement checks, etc., and to do the necessary tax reporting on such payments.

I declare under penalty of perjury under the law that the foregoing is true and correct. Executed this 21st day of October 2026, in Frisco, Texas.

Mary C Butler

Mary Butler

# EXHIBIT A

NOTICE OF CLASS ACTION SETTLEMENT
*in*
NORTH HIGHLAND ESOP LITIGATION
***Phyllis Michele Howell, Simon Reisert, and Carole Speight v. Argent Trust Company, et al., Case No. 1:22-cv-03959-SDG (N.D. Ga.)***
PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.

«IMbullBarcodeEncoded»

«FirstName» «LastName» «BusinessName»
«Address1» «Address2»
«City», «State» «Zip»
SIMID «SIMID» «BarcodeEncoded» «Country»

**This is a notice of a proposed class action settlement in the above-referenced lawsuit.**
**If you are a member of the Class, the settlement will affect your legal rights.**
**This is not a solicitation from a lawyer.**
**You have not been sued.**

- A Settlement has been reached in a class action lawsuit concerning The North Highland Company Employee Stock Ownership Plan (formerly known as The North Highland Company Employee Stock Ownership and 401(k) Plan) (the "Plan"). The class action lawsuit involves whether the Plan was administered in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"), including claims that fiduciaries breached their duties in connection with transactions involving the stock of North Highland ESOP Holdings, Inc. between 2016 and 2021. ERISA is the federal law that regulates and sets minimum standards for the administration of most retirement plans in the private sector, including the Plan.

- The defendants in the class action are Argent Trust Company, North Highland ESOP Holdings, Inc., The North Highland Company, Inc., The North Highland Company LLC, The North Highland Holding Co., LLC, Dan Reardon, Alex Bombeck, Beth Schiavo, and Lauren Childers. Defendants deny all claims, and nothing in the Settlement is an admission or concession on Defendants' part of any fault or liability whatsoever.

- The Settlement will provide, among other things, for a $2,375,000.00 Qualified Settlement Fund that will be allocated to eligible Settlement Class Members after any Court-approved deductions for Attorneys' Fees and Costs and Administrative Expenses

Login ID: «ClaimLoginID»
PIN: «ClaimLoginPIN»

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated August 14, 2025. Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at www.nhesopsettlement.com. Certain other documents also will be posted on that website. You should visit that website if you would like more information about the Settlement or the lawsuit. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov.

- The Settlement Class (whose members are "Settlement Class Members") includes all participants in The North Highland Company Employee Stock Ownership Plan (formerly known as The North Highland Company Employee Stock Ownership and 401(k) Plan), and the beneficiaries of such participants, who held vested shares in the Plan in North Highland ESOP Holdings, Inc. at any time between October 1, 2016 and May 30, 2025. Excluded from the Class are the individual Defendants and their immediate families, and the legal representatives, successors, and assigns of any such excluded persons.

- Your rights and the choices available to you—and the applicable deadlines to act—are explained in this Notice. Please note that neither The North Highland Company nor any current or former employees, attorneys, or representatives of The North Highland Company may advise you as to what the best choice is for you or how you should proceed.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement in this Class Action and the final approval is upheld in the event of any appeal.

- A Fairness Hearing will take place on November 5, 2026, at 2:00 pm EST, in Courtroom 1706, Ricard B. Russell Federal Building, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303, to determine whether to grant final approval of the Settlement and approve the requested Attorneys' Fees and Costs and Administrative Expenses. If the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at www.nhesopsettlement.com.

- Any objections to the Settlement, or to the requested Attorneys' Fees and Costs and/or Administrative Expenses, must be filed with the Clerk of Court and served in writing on Class Counsel and Defense Counsel, as identified in Item 11 below.

Login ID: «ClaimLoginID»
PIN: «ClaimLoginPIN»

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **PAYMENT OPTION ONE:**<br>**ROLLOVER TO AN INDIVIDUAL RETIREMENT ACCOUNT OR QUALIFIED EMPLOYER PLAN** | This lawsuit concerns a retirement plan. You have the option of receiving your share of the Settlement in the form of a direct rollover to an individual retirement account or qualified employer plan. You may make an election by completing an Election Form online at www.nhesopsettlement.com on or before November 5, 2026. Rollovers will be effectuated only if and when the Court gives final approval to the Settlement and the Settlement becomes effective.<br><br>Payments distributed in the form of a rollover will not be subject to automatic withholding for taxes.<br><br>For additional information, see Item 6 below. |
| **PAYMENT OPTION TWO:**<br>**CHECK MAILED DIRECTLY TO YOU** | If you do nothing in response to this Notice, the Settlement Administrator will attempt to mail your share of the Settlement directly to you by check. Checks will be distributed only if and when the Court gives final approval to the Settlement and the Settlement becomes effective.<br><br>Payments made directly by check are subject to automatic tax withholding and tax reporting, as determined by the Settlement Administrator.<br><br>For additional information, see Item 6 below. |
| **YOU CAN OBJECT (NO LATER THAN OCTOBER 6, 2026)** | If you wish to object to any part of the Settlement, or to the requested Attorneys' Fees and Costs and/or Administrative Expenses, you must file and postmark your objection and any supporting documents with the Clerk of the Court, and mail copies to Class Counsel and Defense Counsel (as identified in Item 11, below), at least 30 calendar days before the Fairness Hearing. Please note that you will not be permitted to make an objection to the Settlement if you do not comply with the requirements for making objections. |
| **YOU CAN ATTEND A HEARING ON NOVEMBER 5, 2026** | You may also attend the Fairness Hearing and speak at the Fairness Hearing on November 5, 2026. If you wish to attend the hearing and speak at the hearing, you must provide Class Counsel and Defense Counsel (as identified in Item 11 below) with notice of your intent to appear postmarked at least 14 calendar days before the Fairness Hearing. Please note that you will not be permitted to speak at the Fairness Hearing if you do not comply with the requirements for making an objection. |

Login ID: «ClaimLoginID»
PIN: «ClaimLoginPIN»

## The Class Action

The case is called *Phyllis Michele Howell, Simon Reisert, and Carole Speight v. Argent Trust Company, et al.*, Case No. 1:22-cv-03959-SDG (N.D. Ga.) (the "Class Action" or "lawsuit"). It has been pending since September 30, 2022. The Court supervising the case is the United States District Court for the Northern District of Georgia, Atlanta Division. The individuals who brought this lawsuit are called the Class Representatives, and the persons that were sued are called the Defendants. The Class Representatives (Phyllis Michele Howell, Simon Reisert, and Carole Speight) were participants in the Plan. Defendants are Argent Trust Company, North Highland ESOP Holdings, Inc., The North Highland Company, Inc., The North Highland Company LLC, The North Highland Holding Co., LLC, Dan Reardon, Alex Bombeck, Beth Schiavo, and Lauren Childers. The claims in the lawsuit are described below in Item 2, and additional information about them, including a copy of the operative Complaint, is available at www.nhesopsettlement.com.

## The Settlement

Following negotiations facilitated by a mediator with Class Counsel and Defense Counsel, a Settlement has been reached. If the Settlement is approved, a Qualified Settlement Fund of $2,375,000.00 will be established to resolve the claims against Defendants in the Class Action. The "Net Settlement Amount" is $2,375,000.00 plus any interest earned by the Qualified Settlement Fund minus all Court-approved: (a) Attorneys' Fees and Costs and (b) Administrative Expenses. The Net Settlement Amount will be allocated to Settlement Class Members according to a Plan of Allocation to be approved by the Court and further described below in Item 5.

### Statement of Attorneys' Fees and Costs and Administrative Expenses, Sought in the Class Action

Class Counsel has devoted significant time to investigating the facts, prosecuting the lawsuit, reviewing documents obtained from Defendants and third parties, and negotiating the Settlement. During that time, they have also advanced significant costs, including expert fees and other expenses necessary to pursue the case. Class Counsel took the risk of litigation and have not been paid for any of their time or for any of these costs throughout the time this case has been pending.

Class Counsel will apply to the Court for payment of Attorneys' Fees for their work in the case and the litigation costs advanced. The amount of fees and costs that Class Counsel will request will not exceed 33 1/3% of the Class Settlement Amount ($791,666). In addition, Class Counsel will seek to recover expenses incurred in litigating the case, which are expected to be less than $25,000. Any Attorneys' Fees and Costs and Administrative Expenses awarded by the Court will be paid or reimbursed from the Qualified Settlement Fund.

A full and formal application for Attorneys' Fees and Costs and Administrative Expenses will be filed with the Court on or before November 5, 2026, at 2:00 pm EST. This application will be made available at www.nhesopsettlement.com. You may also obtain a copy of this application through PACER (http://www.pacer.gov) or by reviewing it in person during regular business hours at the Office of the Clerk of the United States District Court for the Northern District of Georgia.

Login ID: «ClaimLoginID»
PIN: «ClaimLoginPIN»

## 1. Why Did I Receive This Settlement Notice?

The Court caused this Notice to be sent to you because our records indicate that you may be a Settlement Class Member. If you fall within the definition of the Settlement Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Settlement Class Members according to a Court-approved Plan of Allocation.

## 2. What Is the Class Action About?

In the Class Action, the Class Representatives allege that certain Defendants breached their fiduciary duties under ERISA in connection with transactions involving The North Highland Company Employee Stock Ownership Plan (the "Plan"), including allegations that the Plan's stock in North Highland ESOP Holdings, Inc. was improperly diluted during, and for a period of time following, an October 2016 recapitalization. Defendants deny all claims and assert that they have at all times acted prudently and in the best interests of the Plan's participants and beneficiaries.

## 3. Why Is There a Settlement?

The court has not reached a final decision as to the Class Representatives' claims. Instead, the Class Representatives and Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between the Class Representatives, Defendants, and their respective counsel. These negotiations were facilitated by an experienced mediator. The parties to the Settlement have taken into account the uncertainty, risks, and costs of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel believe that the Settlement is best for the Settlement Class. Nothing in the Settlement Agreement is an admission or concession on Defendants' part of any fault or liability whatsoever. They have entered into the Settlement Agreement to avoid the uncertainty, expense, and burden of additional litigation.

## 4. What Does the Settlement Provide?

Under the Settlement, Defendants will cause **$2,375,000.00** to be paid into a Qualified Settlement Fund to resolve the claims of the Settlement Class. After deductions for Court-approved Attorneys' Fees and Costs and Administrative Expenses, the Net Settlement Amount will be allocated among Settlement Class Members according to a Plan of Allocation to be approved by the Court (described further in Item 5). Settlement Class Members who are entitled to a distribution will receive their settlement payment either as a direct rollover to a qualified retirement account or in the form of a check.

All Settlement Class Members and anyone claiming through them will fully release the Defendants and the Released Parties from certain Released Claims, as defined in the Settlement Agreement. The Released Parties include each Defendant and certain related parties as outlined in the Settlement Agreement. The Released Claims include any claims against any of the Released Parties with respect to the Plan that were asserted in the Class Action against Defendants or which could have been asserted against Defendants in connection with the Plan.

This is *only* a summary of the Released Claims, and is not a binding description. The governing releases are found within Article 3 of the Settlement Agreement, which is available at www.nhesopsettlement.com.

## 5. How Much Will My Distribution Be?

The amount, if any, that will be allocated to you will be based upon records provided by the Plan's recordkeeper. Calculations regarding individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court- approved Plan of Allocation.

To receive a distribution from the Net Settlement Amount, you must be a "Settlement Class Member" as described on page 1 of this Notice. If you are receiving this notice, then we believe you are likely to be a Settlement Class Member.

There are 3,543 Settlement Class Members, according to a preliminary review of Plan records. The Plan of Allocation will allocate the Net Settlement Amount on a pro rata basis, taking into account the number of shares or vested balances each Settlement Class Member held during the relevant Class Period. A more complete description regarding the details of the Plan of Allocation can be found in Exhibit E to the Settlement Agreement, which is available at www.nhesopsettlement.com.

## 6. How Can I Receive My Distribution?

A sample Rollover Form is enclosed with this Notice and explains the steps necessary to receive your share of the Settlement via direct rollover to an individual retirement account or qualified employer plan. If you would like to make a Rollover contribution, you must make an election by completing the Rollover Form online at www.nhesopsettlement.com. Rollover Forms should be submitted prior to the date set forth above for the Fairness Hearing. Settlement payments distributed via direct rollover will not be subject to automatic withholdings. Further information regarding rollovers can be found at the end of this notice on page 10.

All other settlement payments will be mailed in the form of a check. You do not need to do anything to receive a check. However, because checks will be sent by mail, it is important to notify the Settlement Administrator ([833-421-7346] or via the contact form at www.nhesopsettlement.com) of any changes to your mailing address. You may also notify Class Counsel (identified in Item 11, below) of any changes to your mailing address.

Payments made directly to Class Members by check are subject to automatic tax withholding and tax reporting, as determined by the Settlement Administrator. Any tax withheld by the Settlement Administrator may not constitute all tax that you may owe in connection with your settlement payment. You will be responsible for determining and paying any tax that is due but was not automatically withheld in connection with your settlement payment.

If you submit a Rollover Form but your requested rollover is not effectuated for any reason (for example, because your Rollover Form was submitted too late, the information that you provided was not sufficient, or the financial institution that you designated did not accept the rollover), the Settlement Administrator will attempt to mail you a check. Such checks will be subject to automatic tax withholding and reporting, as determined by the Settlement Administrator, and all other terms of the Settlement Agreement that apply to payments by check.

## 7. When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement in this Action and any approvals becoming final and no longer subject to any appeals in any court. An appeal of the final approval orders may take several years. If the Settlement is approved by the Court and there are no appeals, the Settlement distribution likely will occur within approximately four months of the Court's Final Approval Order in this Action, unless there are unforeseen circumstances. There will be no payments under the Settlement if the Settlement Agreement is terminated.

## 8. Can I Exclude Myself from The Settlement?

No. The Class has been certified for Settlement purposes under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Settlement Class Member, you are bound by the Settlement (if it receives final Court approval) and any judgments or orders that are entered in the Class Action. If you wish to object to any part of the Settlement, you may file an objection with the Clerk of the Court and write to Class Counsel and Defense Counsel about why you object to the Settlement, as discussed below.

## 9. Do I Have a Lawyer in The Case?

The Court has appointed the law firm of Bailey & Glasser LLP as Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 10. How Will the Lawyers Be Paid?

Class Counsel will file a motion for an award of Attorneys' Fees and Costs and Administrative Expenses prior to the objection deadline. The Court will determine the amount of fees, costs, and administrative expenses that will be awarded, if any. All papers filed in this Class Action, including Class Counsel's motion for Attorneys' Fees and Costs and Administrative Expenses, will be available for review on the Settlement Website [www.settlementwebsite.com] and via the Public Access to Court Electronic Records System (PACER), available online at http://www.pacer.gov.

Login ID: «ClaimLoginID»
PIN: «ClaimLoginPIN»

## 11. How Do I Tell the Court If I Don't Like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement by mailing to Class Counsel and to Defense Counsel at the addresses below a written objection explaining why you object and enclosing any supporting documents. Your written objection must: (1) clearly identify the case name and number: Howell, et al. v. Argent Trust Co., et al., Case No. 1:22-cv-03959- SDG; (2) include your full name, current address, and telephone number; (3) describe the position you wish to assert, including the factual and legal grounds for the position; (4) provide copies of all documents that you wish to submit in support of your position; (5) provide the name(s), address(es) and phone number(s) of any attorney(s) representing you; and (6) include your signature. Your written objection and supporting documents must be mailed to Class Counsel and Defense Counsel and postmarked no later than 30 calendar days prior to Fairness Hearing to be considered. Class Counsel and Defense Counsel will have an opportunity to respond to your objection. You also must file your objection with the Court by mailing or hand delivering it to the Clerk of Court of the United States District Court for the Northern District of Georgia, 2211 United States Courthouse, 75 Ted Turner Dr., SW, Atlanta, GA 30303-3309.

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| Gregory Porter<br>**Bailey & Glasser, LLP**<br>1055 Thomas Jefferson Street, NW<br>Suite 540<br>Washington, DC 20007 | Lars C. Golumbic<br>**Groom Law Group, Chtd.**<br>1701 Pennsylvania Ave., NW<br>Washington, D.C. 20006<br><br>Deanna Rice<br>**O'Melveny & Myers LLP**<br>1625 Eye Street, NW<br>Washington, DC 20006 |

## 12. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a Fairness Hearing at 2:00 pm EST om November 5, 2026, at Courtroom 1706, Ricard B. Russell Federal Building, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court also will consider the motion for Attorneys' Fees and Costs and Administrative Expenses. If there are objections, the Court will consider them then. You do not have to appear at the Fairness Hearing in order to have your objection considered by the Court. Please note that if the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at www.nhesopsettlement.com.

Login ID: «ClaimLoginID»
PIN: «ClaimLoginPIN»

## 13. Do I Have to Attend the Fairness Hearing?

No, but you are welcome to come at your own expense. You may also make an appearance through an attorney at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it.

## 14. May I Speak at The Fairness Hearing?

Yes. If you wish to attend and speak at the Fairness Hearing, you must file an intent of notice to participate with the Clerk of the Court and mail to Class Counsel and Defense Counsel (as identified in Item 11, above) a notice of intent to appear postmarked at least 14 calendar days before the Fairness Hearing. In order to speak at the Fairness Hearing, you must also comply with the requirements for making an objection (described above in Item 11, above) if you wish to object to the Settlement.

## 15. What Happens If I Do Nothing at All?

If you are a "Settlement Class Member" as described on page 1, and you do nothing, the Settlement Administrator will attempt to mail your pro rata share of the Net Settlement Amount directly to you via check, if the Settlement is finally approved.

## 16. How Do I Get More Information?

If you have questions regarding the Settlement, you can visit www.nhesopsettlement.com, call 833-421-7346, or write to the Settlement Administrator at P.O. Box 26170, Santa Ana, CA 92799. Do not contact the Court with questions regarding the Settlement. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and can be reviewed in person during regular business hours at the Office of the Clerk of Court of the United States District Court for the Northern District of Georgia, 2211 United States Courthouse, 75 Ted Turner Dr., SW, Atlanta, GA 30303-3309. Please note that neither North Highland nor any current or former employees, attorneys, or representatives of North Highland may advise you regarding the Settlement or how you should proceed.

## YOUR ROLLOVER OPTIONS

The Settlement Administrator has determined that the payment you are receiving from the Qualified Settlement Fund ("Fund") is eligible to be rolled over to an Individual Retirement Account ("IRA") or an employer plan. This Q&A is intended to help you decide whether to do such a rollover. This notice describes the rollover rules that apply to payments from the Fund. Neither the Parties nor the Court will provide you with tax advice. If you have questions about your personal tax obligations, please contact your tax professional.

Login ID: «ClaimLoginID»
PIN: «ClaimLoginPIN»

GENERAL INFORMATION ABOUT ROLLOVERS

**How can a rollover affect my taxes?** You will be taxed on a payment from the Fund if you do not roll it over. If you are under age 59½ and do not do a rollover, you will also have to pay a 10% additional income tax on early distributions (generally, distributions made before age 59½), unless an exception applies. However, if you do a rollover, you will not have to pay tax until you receive payments later and the 10% additional income tax will not apply if those payments are made after you are age 59½ (or if an exception to the 10% additional income tax applies).

**What types of retirement accounts and plans may accept my rollover?** You may roll over the payment to either an IRA (an individual retirement account or individual retirement annuity) or an employer plan (a 401(k), section 403(b) plan, or governmental section 457(b) plan) that will accept the rollover. The rules of the IRA or employer plan that holds the rollover will determine your investment options, fees, and rights to payment from the IRA or employer plan (for example, IRAs are not subject to spousal consent rules, and IRAs may not provide loans). Further, the amount rolled over will become subject to the tax rules that apply to the IRA or employer plan.

**How do I do a rollover?** There are two ways to do a rollover. You can do either a direct rollover or a 60-day rollover.

**If you do a direct rollover,** the Fund will make the payment directly to your IRA or an employer plan. You should contact the IRA sponsor or the administrator of the employer plan for information on how to do a direct rollover. The information they give you can then be used to complete the settlement administration form. You generally need to have an account opened (even if it is not funded) for an institution to process your rollover.

**If you do not do a direct rollover,** you may still do a rollover by making a deposit into an IRA or eligible employer plan that will accept it. Generally, you will have 60 days after you receive the payment to make the deposit. If you do not do a direct rollover, the Fund is required to withhold 20% of the payment for federal income taxes (up to the amount of cash and property received other than employer stock). This means that, in order to roll over the entire payment in a 60-day rollover, you must use other funds to make up for the 20% withheld. If you do not roll over the entire amount of the payment, the portion not rolled over will be taxed and will be subject to the 10% additional income tax on early distributions if you are under age 59½ (unless an exception applies).

# EXHIBIT B

ROLLOVER ELECTION FORM

# HOWELL, ET AL. V. ARGENT TRUST COMPANY, ET AL.

United States District Court for the Northern District of Georgia, Atlanta Division
Case No. 1:22-cv-03959-SDG

## Welcome to the Website for the *Howell, et al. v. Argent Trust Company, et al.*, Proposed Class Action Settlement

**A federal court authorized this website.**

A settlement has been reached in a class action lawsuit concerning The North Highland Company Employee Stock Ownership Plan (formerly known as The North Highland Company Employee Stock Ownership and 401(k) Plan) (the "Plan"). The class action lawsuit involves whether the Plan was administered in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"), including claims that fiduciaries breached their duties in connection with transactions involving the stock of North Highland ESOP Holdings, Inc. between 2016 and 2021. ERISA is the federal law that regulates and sets minimum standards for the administration of most retirement plans in the private sector, including the Plan.

The defendants in the class action are Argent Trust Company, North Highland ESOP Holdings, Inc., The North Highland Company, Inc., The North Highland Company LLC, The North Highland Holding Co., LLC, Dan Reardon, Alex Bombeck, Beth Schiavo, and Lauren Childers. Defendants deny all claims, and nothing in the Settlement is an admission or concession on Defendants' part of any fault or liability whatsoever.

The Settlement will provide, among other things, for a $2,375,000.00 Qualified Settlement Fund that will be allocated to eligible Settlement Class Members after any Court-approved deductions for Attorneys' Fees and Costs and Administrative Expenses.

The Settlement Class (whose members are "Settlement Class Members") includes:

> all participants in The North Highland Company Employee Stock Ownership Plan (formerly known as The North Highland Company Employee Stock Ownership and 401(k) Plan), and the beneficiaries of such participants, who held vested shares in the Plan in North Highland ESOP Holdings, Inc. at any time between October 1, 2016, and May 30, 2025. Excluded from the Class are the individual Defendants and their immediate families, and the legal representatives, successors, and assigns of any such excluded persons.

Your rights and the choices available to you—and the applicable deadlines to act—are explained below. Please note that neither The North Highland Company nor any current or former employees, attorneys, or representatives of The North Highland Company may advise you as to what the best choice is for you or how you should proceed.

The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement in this Class Action and the final approval is upheld in the event of any appeal.

A Fairness Hearing will take place on **November 5, 2026, at 2:00 p.m. EST,** to determine whether to grant final approval of the Settlement and approve the requested Attorneys' Fees and Costs and Administrative Expenses. If the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on this website.

Any objections to the Settlement, or to the requested Attorneys' Fees and Costs and/or Administrative Expenses, must be filed with the Clerk of Court

and served in writing on Class Counsel and Defense Counsel.

| **Your Legal Rights and Options Under the Settlement** | |
|---|---|
| **Payment Option One:**<br>**Rollover to an Individual Retirement Account or Qualified Employer Plan** | This lawsuit concerns a retirement plan. You have the option of receiving your share of the Settlement in the form of a direct rollover to an individual retirement account or qualified employer plan. You may make an election by completing a Rollover Form online here on or before **November 5, 2026.** A Rollover Form may also be obtained by calling the Settlement Administrator at (833) 421-7346. Rollovers will be effectuated only if and when the Court gives final approval to the Settlement and the Settlement becomes effective.<br>*Payments distributed in the form of a rollover will not be subject to automatic withholding for taxes.* |
| **Payment Option Two:**<br>**Check Mailed Directly to You** | If you do nothing in response to the Notice, the Settlement Administrator will attempt to mail your share of the Settlement directly to you by check. Checks will be distributed only if and when the Court gives final approval to the Settlement and the Settlement becomes effective.<br>*Payments made directly by check are subject to automatic tax withholding and tax reporting, as determined by the Settlement Administrator.* |
| **You can object**<br>**(no later than October 6, 2026).** | If you wish to object to any part of the Settlement, or to the requested Attorneys' Fees and Costs and/or Administrative Expenses, you must file and postmark your objection and any supporting documents with the Clerk of the Court, and mail copies to Class Counsel and Defense Counsel (*see* FAQ 11), at least 30 calendar days before the Fairness Hearing. Please note that you will not be permitted to make an objection to the Settlement if you do not comply with the requirements for making objections. |
| **You can attend a hearing on November 5, 2026** | You may also attend the Fairness Hearing and speak at the Fairness Hearing on **November 5, 2026.** If you wish to attend the hearing and speak at the hearing, you must provide Class Counsel and Defense Counsel with notice of your intent to appear postmarked at least 14 calendar days before the Fairness Hearing. Please note that you will not be permitted to speak at the Fairness Hearing if you do |

| | |
|---|---|
| | not comply with the requirements for making an objection. |

## The Class Action

The case is called *Phyllis Michele Howell, Simon Reisert, and Carole Speight v. Argent Trust Company, et al.,* Case No. 1:22-cv-03959-SDG (N.D. Ga.) (the "Class Action" or "lawsuit"). It has been pending since September 30, 2022. The Court supervising the case is the United States District Court for the Northern District of Georgia, Atlanta Division. The individuals who brought this lawsuit are called the Class Representatives, and the persons that were sued are called the Defendants. The Class Representatives (Phyllis Michele Howell, Simon Reisert, and Carole Speight) were participants in the Plan. Defendants are Argent Trust Company, North Highland ESOP Holdings, Inc., The North Highland Company, Inc., The North Highland Company LLC, The North Highland Holding Co., LLC, Dan Reardon, Alex Bombeck, Beth Schiavo, and Lauren Childers. The claims in the lawsuit are described in FAQ 2, and additional information about them, including a copy of the operative Complaint is available on the Important Documents page.

## The Settlement

Following negotiations facilitated by a mediator with Class Counsel and Defense Counsel, a Settlement has been reached. If the Settlement is approved, a Qualified Settlement Fund of $2,375,000.00 will be established to resolve the claims against Defendants in the Class Action. The "Net Settlement Amount" is $2,375,000.00 plus any interest earned by the Qualified Settlement Fund minus all Court-approved: (a) Attorneys' Fees and Costs and (b) Administrative Expenses. The Net Settlement Amount will be allocated to Settlement Class Members according to a Plan of Allocation to be approved by the Court and further described in FAQ 5.

## Statement of Attorneys' Fees and Costs and Administrative Expenses, Sought in the Class Action

Class Counsel has devoted significant time to investigating the facts, prosecuting the lawsuit, reviewing documents obtained from Defendants and

third parties, and negotiating the Settlement. During that time, they have also achieved significant costs, including expert fees and other expenses necessary to pursue the case. Class Counsel took the risk of litigation and have not been paid for any of their time or for any of these costs throughout the time this case was pending.

Class Counsel will apply to the Court for payment of Attorneys' Fees for their work in the case and the litigation costs advanced. The amount of fees and costs that Class Counsel will request will not exceed 33 1/3% of the Class Settlement Amount ($791,666.00). In addition, Class Counsel will seek to recover expenses incurred in litigating the case, which are expected to be less than $25,000.00. Any Attorneys' Fees and Costs and Administrative Expenses awarded by the Court will be paid or reimbursed from the Qualified Settlement Fund.

## Upcoming Important Dates

- **Rollover Form Deadline**
  11/5/2026
- **Fairness Hearing**
  11/5/2026 at 2:00 P.M. EST

Show More

Visit this website often to get the most up-to-date information.

Questions? Contact the Settlement Administrator at info@NHESOPSettlement.com or (833) 421-7346.

© 2026 - Simpluris All rights reserved

simpluris Privacy Policy

# EXHIBIT C

# Sample Election / Rollover Form

«FirstName» «LastName» «BusinessName»
«Address1» «Address2»
«City», «State» «Zip»
SIMID «SIMID» «Barcode_Encoded» «Country»

You may be eligible to receive a payment from a class action settlement. The court has preliminarily approved the class settlement of *Phyllis Michele Howell, Simon Reisert, and Carole Speight v. Argent Trust Company, et al*, Case No. 1:22-cv-03959-SDG (N.D. Ga.). The Settlement will provide, among other things, for a $2,375,000.00 Qualified Settlement Fund that will be allocated to eligible Settlement Class Members after any Court-approved deductions for Attorneys' Fees and Costs and Administrative Expenses. The terms of that Settlement are summarized in the Notice of Class Action Settlement. For additional information, please review the Notice of Class Action Settlement, or call (833) 421-7346.

This Rollover Form is ONLY for Class Members who would like to elect to receive their settlement payment through a rollover to a qualified retirement account through direct deposit or by paper check. To do so, Class Members must complete and sign this form and received on or before **November 5, 2026**. Please review the instructions below carefully. Former Participants who do not complete and timely return this form will receive their settlement payment by a check payable to themselves (subject to applicable tax withholding). If you have questions regarding this form, you may contact the Settlement Administrator at (833) 421-7346 or info@nhesopsettlement.com.

Instructions for Completing Former Participant Rollover Form Online.

1. If you would like to receive your settlement payment through a rollover to a qualified retirement account, complete this rollover form. It is your responsibility to ensure the Settlement Administrator has timely received your Rollover Form by **November 5, 2026.**
2. You must provide all required information (including date of birth and social security number) and sign your form where indicated.
3. If you omit to provide all necessary information or fail to sign your form, payment will be made to you by check.
4. If you change your address after sending in your Rollover Form online, please provide your new address to the Settlement Administrator as soon as possible.
5. To start your online Rollover Form, you will need your Login ID «ClaimLoginID» and PIN «ClaimLoginPIN».

Questions? If you have any questions about this Rollover Form or need assistance finding your Unique and PIN, please call the Settlement Administrator at (833) 421-7346. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax or other advice concerning the Settlement. You therefore may want to consult with your financial or tax advisor.

*Note: The timing of the distribution of the Settlement payments is conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to any appeals in any court. If the Settlement is approved by the Court, and there are no appeals, the first Settlement distribution likely will occur within sixty days of the Court's Final Approval Order.*

# Participants Information

Name:
Address:
City:
State:
ZIP:
Home Phone:
Cell Phone:
SSN:
Date of Birth:
Email Address:

If the Participant is Deceased the next section would need to be completed.

# Beneficiary or Alternate Payee Information

**Can only Select one of the below options:**

■ Check here if you are the **surviving spouse or other beneficiary** for the Participant and the Participant is deceased. **Documentation must be provided showing current authority of the representative to file on behalf of the deceased**. Please complete the information below.

■ Check here if you are an alternate payee under a qualified domestic relations order (QDRO). The Settlement Administrator may contact you with further instructions. Please complete the information below.

Beneficiary Name:
Beneficiary Address:
Beneficiary City:
Beneficiary State:
Beneficiary ZIP:
Beneficiary Home Phone:
Beneficiary Cell Phone:
Beneficiary SSN:
Beneficiary Date of Birth:
Beneficiary Email Address:

Upload Documentation Online.

# Payment Election: Rollover to an Eligible Plan

Select only one of the four (4) options below.

- 401(a)/401(k)
- Government 457(b)
- Direct Rollover to a Roth IRA (*subject to ordinary income tax*)
- Direct Rollover to a Traditional IRA

Select one of the three (3) option below and the information needed to complete these payments.

- via wire payment
  a. Investment Company Name
  b. Investment Company Address
  c. Investment Company City
  d. Investment Company State
  e. Investment Company Zip
  f. Investment Company Phone Number
  g. Your Account Number at the Investment Company
  h. Investment Company Account # or Iban #
  i. Investment Company Routing # or Swift Code

- via check through U.S. Mail directly to designated financial institution
  a. Company / Trustee's Name
  b. Company / Trustee's Address
  c. Company / Trustee's City
  d. Company / Trustee's State
  e. Company / Trustee's Zip
  f. Company / Trustee's Phone Number

- via check through U.S. Mail to my home address - Choose the "via Check through U.S. Mail to my home address" option if you will forward the funds to a financial institution as an "indirect rollover." By selecting this option, you are indicating your intent to deposit the funds into the designated retirement account within 60 days.

## Signature, Consent, and Substitute IRS W9

Under penalties of perjury under the laws of the United States of America, I certify that all of the information provided on this rollover form is true, correct, and complete and that I signed this rollover form.

- The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
- I am not subject to back up withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding;*** and
- I am a U.S. person (including a U.S. resident alien).

Signature:____________
Date: ____

*** The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding. Check here if you *are* subject to backup withholding: