IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PHYLLIS MICHELE HOWELL *on behalf of The North Highland Company Employee Stock Ownership and 401(k) Plan, and on behalf of a class of all other persons similarly situated, et al.*,<br>Plaintiffs,<br>v.<br>ARGENT TRUST COMPANY, *et al.*,<br>Defendants. | Civil Action No.<br>1:22-cv-03959-SDG |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

Plaintiffs Phyllis Michele Howell, Simon Reisert, and Carole Speight ("Plaintiffs" or "Class Representatives") submitted an Unopposed Motion for Final Approval of Settlement and Certification of Settlement Class and Memorandum in Support ("Final Approval Motion") [ECF 109] in connection with the Settlement Agreement agreed to on August 8, 2025 (the "Settlement Agreement"). Plaintiffs' Counsel also has submitted to the Court their Motion for Award of Attorneys' Fees and Reimbursement of Expenses ("Fees and Expenses Motion") [ECF 103].

On June 29, 2026, this Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement.[1] The Court also certified a Settlement Class, approved the procedure for giving Class Notice to the

[1] ECF 102.

members of the Settlement Class, and set a Final Approval Hearing to take place on November 5, 2026. The Court finds that due and adequate notice was given to the Settlement Class as required in the Court's Order.

The Court has reviewed the papers filed in support of the Final Approval Motion, including the Settlement Agreement and exhibits thereto, the Fees and Expenses Motion, memoranda and arguments submitted on behalf of the Class, report by the Independent Fiduciary, and supporting affidavits.

On November 5, 2026, the Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement were fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing the Class Members' Released Claims on the merits and with prejudice; and (3) whether and in what amount to award attorneys' fees and expenses to Plaintiffs' Counsel.

Based on the papers filed with the Court and the presentations made by the Parties at the Final Approval Hearing,[2] the Court **GRANTED** the Final Approval Motion and Fees and Expenses Motion during the November 5 Final Approval Hearing. The Settlement Agreement is fair, adequate, and reasonable, and in the best interests of the Settlement Class.

---

2 Although one objection to the Settlement Agreement was filed with the Court [ECF 106], no objector appeared on the record during the hearing.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. **Settlement.** Plaintiffs, on behalf of themselves and all members of the Settlement Class, and Defendants, have negotiated a potential settlement to this action to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims (as defined in the Settlement Agreement) against Defendants and the other Released Parties (as defined in the Settlement Agreement).

2. **Definitions.** This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

3. **Jurisdiction.** This Court has jurisdiction over the subject matter of this action and over all parties to this action, including all Class Members. Venue in this Court is proper.

4. **Class.** For settlement purposes only, the Court hereby certifies a non-opt-out Rule 23 Settlement Class under Fed. R. Civ. P. 23(a), 23(b)(1), and 23(g), defined as follows:

> All participants in The North Highland Company Employee Stock Ownership Plan (formerly known as The North Highland Company Employee Stock Ownership and 401(k) Plan), and the beneficiaries of such participants, who held vested shares in the Plan in North Highland ESOP Holdings, Inc. at any time between October 1, 2016, and May 30, 2025. Excluded from the Class are the individual Defendants and their

> immediate families, and the legal representatives, successors, and assigns of any such excluded persons.

Solely for settlement purposes, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action is impracticable; (b) there are questions of law and fact common to the members of the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; and (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class. The Court further finds that, solely for settlement purposes, the requirements of Rule 23(b)(1) have been met. Prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications as to individual Settlement Class Members that would establish incompatible standards of conduct for the parties opposing the claims. And adjudications with respect to individual Class Members would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

5. **Designation of Class Representatives and Class Counsel.** The Court confirms the prior appointments of Plaintiffs Phyllis Michele Howell, Simon

Reisert, and Carole Speight as Class Representatives, and the law firm of Bailey & Glasser LLP as Class Counsel.

6. **Settlement Approval.** Pursuant to Rule 23(e), this Court hereby approves the Settlement and finds that it is, in all respects, fair, reasonable and adequate to the Parties. The Court further finds that the Settlement is the result of good faith arm's-length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the Settlement is hereby finally approved in all respects, there is no just reason for delay, and the Parties are hereby directed to perform its terms.

7. **Dismissal with Prejudice.** Final Judgment is hereby entered with respect to the Released Claims of all Class Members, and the Released Claims are hereby dismissed in their entirety with prejudice and without costs.

8. **Releases.** The releases as set forth in section 3 of the Settlement Agreement are expressly incorporated herein in all respects and made effective by operation of this Judgment. The Court hereby approves the release provisions as contained and incorporated in section 3 of the Settlement Agreement, including but not limited to the definitions of Released Claims and Released Parties. The Class Members and the Plan shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

9. **Approval of Class Notice.** The form and means of disseminating the Class Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort. Said Notice fully satisfied the requirements of Rule 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

10. **Overruling of Objections.** The Court has reviewed the objection to the Settlement.[3] For the reasons stated in this Order and by the Court during the Final Approval Hearing, in Plaintiffs' Motion for Final Approval, and Plaintiffs' Response to the Objection, the Court **DENIES** the objection on all points.

11. **Attorneys' Fees and Expenses.** Plaintiffs and Plaintiffs' Counsel have moved for an award of attorneys' fees in the amount of $791,666.00, and costs and expenses of $17,436.75.[4] The Court has considered this application separately from this Judgment. The Court finds that an award of $791,666.00 in attorneys' fees, and $17,436.75 in costs and expenses is fair and reasonable. In addition, the Court finds the Settlement Administrator fees and expenses to be fair and reasonable. During the Final Approval Hearing, the Court approved these Plaintiffs' Counsel's

---

[3] ECF 106.

[4] ECF 103.

attorneys' fees, costs, and expenses, and the Settlement Administrator's fees and expenses, to be paid from the Cash Settlement Amount.

12. **Termination of Settlement**. In the event the Settlement is terminated as set forth in the Settlement Agreement, then the following shall apply.

- All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force and effect;
- The action shall for all purposes revert to its status as of the day immediately before the execution of the Settlement Agreement, and the fact of and terms of the Settlement and any preliminary agreements or term sheets shall not be admissible in any proceeding, and the Parties shall request a scheduling conference with the Court. Nothing herein shall extend any applicable limitations period as to any Party if the Settlement is terminated. In addition, any information or materials provided during the Settlement negotiation shall, absent agreement of the Parties, not be admissible or otherwise used in any proceeding unless and until later obtained during the course of the litigation, as to which the Parties reserve all rights; and
- The certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the action shall proceed as though the

Settlement Class had never been certified pursuant to the Settlement Agreement and such findings had never been made.

13. **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendants. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this action. In no event shall this Order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in this action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Settlement Agreement.

14. **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case. Nothing in this Order shall be construed as a finding (A) that any Defendant was a fiduciary under ERISA or (B) of any wrongdoing by any Defendant under ERISA or any other statute, regulation, case law, common law doctrine, or other legal authority.

15. **Implementation of the Settlement Agreement.** The Parties are hereby authorized to implement the terms of the Settlement Agreement.

16. **Reasonable Extensions.** Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

17. **CAFA Notice.** Defendants have provided notification to all appropriate federal and state officials regarding the Settlement, as required by 28 U.S.C. § 1715.

18. **Entry of Final Judgment.** There is no just reason for delay in the entry of this Order and Final Judgment. The Clerk of the Court is hereby **DIRECTED** to immediately **DISMISS** this case in its entirety, **with prejudice** and without costs.

19. **Action Closed.** The Clerk of the Court is hereby **DIRECTED** to close the Action.

**IT IS SO ORDERED** this 13th day of November, 2026.

Steven D. Grimberg
United States District Judge